# Staunton

## C. W. Saunders v. Commonwealth of Virginia.

September 10, 1941.

Record No. 2452.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*J. T. Coleman, Jr.*, for the plaintiff in error.

*Abrams P. Staples, Attorney-General*, and *G. Stanley Clarke, Assistant Attorney-General*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review a judgment entered on a verdict convicting C. W. Saunders of possession of alcoholic beverages illegally acquired.

The only error assigned is that the evidence is insufficient to support the verdict.

Two inspectors for the Alcoholic .Beverage Control Board and a deputy sheriff of Amherst county, armed with a search warrant, entered the home of the accused. They found Mrs. Saunders in the kitchen washing glasses. In this room they saw several clean, empty pint bottles. The officers then searched an old barn in which was stored a number of old bottles, jars, a ten-gallon keg that appeared to be freshly painted and a siphon hose which had a strong odor of whiskey. The accused and Charlie Johnson were found in another outhouse picking over a pile of potatoes. One of the officers followed a path leading from the dwelling house, past the pig pen, across a small branch and over a fence. At that point—some 150 to 300 yards from the dwelling house, near the path,

in honeysuckle vines—the officers found six pints of illegal whiskey and two kegs, one buried in the ground and containing "about a pint of illegal whiskey."

Two witnesses for the Commonwealth stated that the path ended in the honeysuckle. The preponderance of the evidence is that the path was used indiscriminately by people in the neighborhood passing the home of the accused on their way to and from a negro settlement.

No presumption in favor of the Commonwealth arises under the present statutes until possession is established. Ownership of the site on which the whiskey was found was not proven. Other parties cultivated the field close to the honeysuckle vines. Another family lived near the site where the whiskey was found and used a spring nearby. A former occupant of the premises stated that he left a pile of junk, including bottles, jars, etc., in one of the outhouses searched by the officers.

The difference between the Layman Act and the present Alcoholic Beverage Control law is pointed out with admirable clarity by Mr. Justice Spratley in *Sutherland* v. *Commonwealth*, 171 Va. 485, 492, 198 S. E. 452. Construing the pertinent Code section (4675 (50)), this is said:

"This section first makes it unlawful to possess spirits, which have been illegally acquired. It does not provide that the finding of spirits, legal or illegal, on any premises, shall create *prima facie* evidence that they are in the possession of any specified person or persons. It next provides that spirits in the possession of any person, without a legal stamp or seal thereon, shall be deemed *prima facie* evidence of the illegal acquisition thereof. The fact of possession is a fact to be proved. It is not presumed. To establish a *prima facie* presumption of illegal acquisition, two facts must be proved, both the fact of possession and the further fact that the spirits have not legal stamps or seals thereon. This presumption is applicable when illegal spirits are found

on the person, or the fact of possession thereof is admitted or proved.''

In this case the essential fact of possession is not admitted or proven. The judgment of the trial court is reversed, the verdict of the jury set aside, and the case remanded for such further proceedings as the trial court may determine, not inconsistent with the views herein expressed.

*Reversed and remanded.*