# Wytheville

JESSE LEE WORSHAM v. COMMONWEALTH OF VIRGINIA.

June 6, 1945.

Record No. 2957.

Present, All the Justices.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *G. Stanley Clarke, Assistant Attorney General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

The defendant, Jesse Lee Worsham, by warrant of date June 24, 1944, was charged with driving a motor vehicle recklessly on a public highway and with the illegal transportation of ardent spirits.

The justice of the peace before whom he was tried imposed a fine of $25.00 for reckless driving and sentenced him to thirty days in jail and imposed a fine of $50.00 for the illegal transportation of ardent spirits. He appealed from the latter judgment to the Circuit Court of Powhatan county. His case was heard by a jury which fixed his punishment at $50.00 fine and thirty days in jail. That verdict was approved by the trial judge, and his case is now before us on a writ of error.

Police Officer Longest said that on June 24, 1944, as he drove along a Powhatan county highway, he passed a four-door sedan Ford automobile. His suspicions were aroused, and he turned to follow it. This Ford car speeded up. He blew his siren and attempted to overtake it but without avail. It turned into a sideroad, ran into a stump and was stalled. The defendant, who was its driver, jumped out and ran. With him were Parrish Worsham and a negro soldier. Parrish was arrested, brought before a trial justice and was acquitted. The negro soldier has never been found.

Longest saw a jar thrown from the car which was later found full of unstamped whiskey, but he said that it was not thrown by the defendant.

There was no seat in the rear of the Ford automobile. On its floor sat Parrish Worsham and the negro soldier. There was found an empty fruit jar with a few drops of

liquor in it and some liquor on the car floor, together with some jar tops and a copper pipe.

Parrish Worsham testified that he was in the car with the accused; that they passed a colored soldier who asked for a ride which was given him, and he came aboard with a package; that he did not then know what was in it and that he had no interest in it. The defendant also testified that when they picked up this negro soldier he had with him a package; that he did not know what was in it and never knew, and had no interest in it. He further said that he drove rapidly when he found that an officer was pursuing him but so drove to escape arrest because his permit to drive had been revoked. He did not own the automobile which he was driving. He further said that when he found that the officers were looking for him he voluntarily appeared and gave bond to appear before the trial justice.

The accused is being prosecuted for the illegal transportation of unstamped whiskey. To sustain this prosecution, the Commonwealth relies upon section 50 of the Alcoholic Beverage Control Act (Code, (1942), section 4675(50)). This is an excerpt from the body of that section; its caption reads: "Having, possessing, keeping, carrying, shipping and transporting alcoholic beverages illegally acquired, a misdemeanor—"

In part is this:

"If any person other than a common carrier, shall have, possess, keep, carry, ship or transport alcoholic beverages which shall have been illegally acquired by such person or any person for whom he is acting, he shall be guilty of a misdemeanor.

"Spirits in the possession of any person and in containers not bearing the required government stamps or seals shall be deemed for the purposes of this act to have been illegally acquired."

The uncontradicted evidence of a witness cannot be disregarded by either the jury or by the court if it is not inherently improbable. *Epperson* v. *DeJarnette*, 164 Va. 482, 180 S. E. 412.

The testimony of the accused is not inherently improbable and is nowhere contradicted.

In *Sager* v. *Commonwealth*, 134 Va. 732, 114 S. E. 590, a conviction was sustained under the statute which then read:

"It shall be unlawful for any person in this State to manufacture, transport, sell, keep, or store for sale, offer, advertise or expose for sale, give away or dispense or solicit in any way, or receive orders for or aid in procuring ardent spirits except as hereinafter provided."

Later Judge Epes said in *Spratley* v. *Commonwealth*, 154 Va. 854, 152 S. E. 362:

"The mere presence of a person in an automobile in which intoxicating liquor is being transported, with or without his knowledge, which is not shown to be owned by him or under his possession or control, single or joint, is not a crime; nor is it made by the statutes of Virginia *prima facie* evidence of his transportation of or aiding or abetting the transportation of the intoxicating liquor in the automobile; nor is it alone sufficient to sustain a conviction of him upon a charge of transporting intoxicating liquor."

In *Saunders* v. *Commonwealth*, 178 Va. 100, 16 S. E. (2d) 383, it is said:

"The difference between the Layman Act and the present Alcoholic Beverage Control Law is pointed out with admirable clarity by Mr. Justice Spratley in *Sutherland* v. *Commonwealth*, 171 Va. 485, 492, 198 S. E. 452."

Attention is there further called to the fact that "this section first makes it unlawful to possess spirits, which have been illegally acquired," just as it makes it unlawful to transport alcoholic beverages illegally acquired. See also, *Miller* v. *Commonwealth*, 172 Va. 639, 2 S. E. (2d) 343.

Formerly, as we have seen, it was a misdemeanor to transport illicit liquor, whether it was acquired legally or illegally.

In the instant case there is no evidence to show that the defendant illegally acquired this whiskey or ever acquired it at all. He knew nothing about the contents of the

soldier's package when the soldier came aboard. There is no evidence to show that he ever knew what its contents were. In short, there is neither evidence nor circumstances to prove the defendant guilty of the illegal transportation of whiskey or to overcome the presumption of innocence.

We do not mean to say that circumstances might not be such as to make the inference of guilty connivance irresistible. If one driving a truck were to stop by the roadside and out of the bushes there take aboard a barrel of unstamped liquor, that circumstance might of itself be sufficient evidence of guilt, but that is not this case.

For reasons stated, the judgment appealed from should be set aside and the case dismissed.

*Reversed.*