# Jacob J. Hladys

## v.

# Commonwealth of Virginia

Record No. 841636

March 4, 1988

Present: All the Justices

(*Charles E. Samuels; Cabell, Paris, Lowenstein & Bareford*, on brief), for appellant. Appellant submitting on brief.

*Gail Starling Marshall, Deputy Attorney General (William G. Broaddus, Attorney General; Maston T. Jacks, Deputy Attorney General; Teresa D. Creef, Assistant Attorney General*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This appeal raises a question concerning the due process requirements governing administrative hearings and decisions.

Jacob J. Hladys, M.D., was a licensed physician practicing in the Richmond area. In 1969, he entered into a contract with the State Department of Health to act as a "physician-provider" with the Virginia Medical Assistance Program (Medicaid). In that capacity, he rendered medical services to Medicaid patients and was compensated by the Commonwealth. In May 1972, after an extended controversy concerning his billing practices, Dr. Hladys received a letter from the State Department of Health, advising him that his contract would be terminated, effective June 15, 1972, pursuant to a clause in the contract providing for termination upon 30 days written notice by either party.

Dr. Hladys requested and received an administrative hearing before the State Health Commissioner. That hearing was held in June 1973. Receiving an adverse decision, Dr. Hladys appealed to

the circuit court, which found the record of the 1973 hearing to be defective and remanded the matter to the State Health Commissioner for further proceedings. A new administrative hearing was not held until May 20, 1981.

At the 1981 hearing, Dr. Bedford H. Berrey, assistant health commissioner, was appointed to serve as hearing officer. Leonard Vance, an assistant attorney general, was designated as counsel to Dr. Berrey for the purpose of advising him on procedural and evidentiary matters. Howard M. Casway, also an assistant attorney general, prosecuted the case for the Commonwealth. The Commonwealth's chief witness against Dr. Hladys was Dr. Edwin M. Brown, the deputy health commissioner.

The result of the hearing was adverse to Dr. Hladys. On October 15, 1981, the State Health Commissioner affirmed the decision to terminate the contract. Dr. Hladys petitioned the circuit court for review in 1983. In 1984, the court, Judge James E. Sheffield presiding, affirmed the commissioner's decision. Dr. Hladys filed a motion to vacate the judgment, which the court, Judge Willard I. Walker presiding, denied. We granted Dr. Hladys an appeal limited to the question whether the 1981 hearing was so procedurally flawed as to deny him due process of law.

Dr. Hladys' due process argument is twofold. He contends that the combining of adjudicative and prosecutorial functions in the office of the Attorney General, as well as the appointment of a hearing officer who was an official of the agency which investigated and presented the case against him, and who was also a colleague of the chief witness against him, denied his due process rights *per se*.

In *Goldberg* v. *Kelly*, 397 U.S. 254 (1970), the Supreme Court specified the minimum requirements of constitutional due process which must attend administrative hearings: timely and adequate notice, the right to confront adverse witnesses and present one's own evidence, the right to the assistance of retained counsel, and an impartial decision-maker. The Court observed that an official of the agency involved might serve as decision-maker and would not be barred from serving even if he had some prior involvement in the case before him, provided he had not participated in making the determination under review. *Id.* at 271.

In *Withrow* v. *Larkin*, 421 U.S. 35 (1975), the Supreme Court reversed a lower federal court's decision which had held unconstitutional, on due process grounds, an administrative proceed-

ing in which a single state agency had investigated, prosecuted, and decided a case. The Court said: "The initial charge or determination of proximate cause and the ultimate adjudication have different bases and purposes. The fact that the same agency makes them in tandem and that they relate to the same issues does not result in a procedural due process violation." *Id.* at 58. The Court expressed the underlying rationale: "Without a showing to the contrary, state administrators 'are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'" *Id.* at 55 *quoting United States* v. *Morgan,* 313 U.S. 409, 421 (1941). *See also Schweiker* v. *McClure,* 456 U.S. 188 (1982).

■ We also apply a presumption that public officials have acted correctly. *State Bd. of Health* v. *Godfrey,* 223 Va. 423, 436, 290 S.E.2d 875, 882 (1982). That presumption may be overcome by evidence of bias or improper conduct, *see Schweiker,* 456 U.S. at 195-96, but no such showing was made in the case before us. Dr. Hladys does not contend that any impropriety actually existed, but merely that the administrative proceedings were structurally flawed by the decision-maker's institutional connection with the investigating agency and its chief witness. In the absence of a showing of bias or improper conduct, we do not agree.

We take a similar view, for a similar reason, of the dual role of the Attorney General's office. Mr. Vance, advisor to the hearing officer, stated on the record that he had not discussed the case with Mr. Casway, the prosecutor. Mr. Vance further represented that he would offer no advice to the hearing officer as to "what kind of decision he should render," and that his role was to advise the hearing officer on procedure.

■ The Attorney General is directed by Code § 2.1-121 to render "all legal service" in civil matters for the Commonwealth and all its agencies. In the present case, the Attorney General complied with that mandate by assigning separate assistants to prosecute the case and to advise the hearing officer on procedure. The Supreme Court of Washington, considering a similar problem, decided that the assignment of a single assistant attorney general to perform such a dual role would impair at least the appearance of fairness of the tribunal, but that the potential problem would be resolved by the appointment of different attorneys general for the performance of disparate functions. *Medical Discipli-*

*nary Board* v. *Johnston*, 99 Wash. 2d 466, 480, 663 P.2d 457, 465 (1983).

■ The official conduct of assistant attorneys general is entitled to a presumption of honesty and fairness no less than that accorded to the acts of other public officials. In the absence of a showing of bias or improper conduct on their part, we will assume that their conduct was proper and that the impartiality of the tribunal was unimpaired. No showing of bias or improper conduct was made in this case, and the institutional connection between the two assistant attorneys general involved in this proceeding did not, *per se*, impair the right of Dr. Hladys to procedural due process.

For the reasons stated, the judgment will be

*Affirmed.*