In re Stephen C. Turner

April 2, 1991

Case No. CH 89-896

By JUDGE JOHN F. DAFFRON, JR.

The Department of Social Services for Chesterfield County and Colonial Heights conducted an investigation of Stephen C. Turner and determined that he had "physically abused" his daughter by allegedly pulling a "nickel-size plug of hair" from her head. The State Department of Social Services upheld the county's decision. Pursuant to Virginia Code § 9-6.14:16, Turner appealed to this Court.

### A. *Standard of Review*

According to statutory law, the party challenging an agency's decision has the burden to demonstrate an error of law subject to review. The scope of the review is "limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did." Virginia Code § 9-6.14:17.

Case law supports this "substantial evidence test." *Johnston-Willis v. Kenley*, 6 Va. App. 231, 242 (1988); *Roanoke Memorial Hospitals v. Kenley*, 3 Va. App. 599, 610 (1987). "Substantial evidence" refers to "such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion." The court can only reject the findings of fact of the agency when a "reasonable mind would *necessarily* come to a different conclusion." *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 269 (1983); *Johnston-Willis v. Kenley*, 6 Va. App. 231, 242 (1988); *Roanoke Memorial Hospital v. Kenley*, 3 Va. App. 599, 610 (1988).

When reviewing the agency's decision, the court must "take due account of the presumption of official regularity, the experience and specialized competence of the agency and the purposes of the basic law under which the agency has acted." Virginia Code § 9-6.14:17; *Johnston-Willis v. Kenley*, 6 Va. App. 231, 242 (1988). In addition, the reviewing court must consider the evidence in the light most favorable to the finding by the agency. *Virginia Employment Commission v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626, 359 S.E.2d 552, 554-555 (1987).

Appellant claims the ordinary standard of review is inapplicable because this case involves constitutional rights and procedures. According to appellant, where the issue involves constitutional rights or the failure to observe required procedures, "less deference is required and the reviewing courts should not abdicate their judicial function and merely rubber stamp an agency determination." *Johnson-Willis v. Kenley*, 6 Va. App. 231, 243 (1988).

The *Johnston-Willis* case, however, does not require all deference to the agency's decisions to be eliminated. The Court of Appeals held that the nature of the issue is not the only consideration in determining the degree of deference to be accorded to the agency's decision. Whether the issue falls within the area of experience and specialized competence of the agency is also a key criteria.

> If the issue falls outside the area generally entrusted to the agency and is one in which the courts have a special competence, i.e.,

the common law or constitutional law, there is little reason for the judiciary to defer to an administrative interpretation.

However, where the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts.

*Johnston-Willis v. Kenley*, 6 Va. App. 231, 243-244 (1988). Though appellant's claim that family relationships are a constitutional issue may be correct, the mere fact that a constitutional issue is present does not require the court to question the agency's findings. It merely requires the courts to ascertain whether the agency's decision is within the scope of that agency's expertise.

In this case, the issue of child abuse is within the agency's area of expertise. *See* Virginia Code Section 63.1-248.1 *et seq.* Thus, the standard of review to be used by this court is the "substantial evidence test," and if a reasonable mind *might* accept the evidence as adequate to support a conclusion that child abuse was present, the agency's finding will be upheld.

The court's role is only to prevent "arbitrary and capricious action." It is not the court's role to question the agency's decision and substitute its own judgment. *Johnston-Willis v. Kenley*, 6 Va. App. 231, 244 (1988) (citing *Virginia Alcoholic Beverage Control Commission v. York Street Inn, Inc.*, 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979)).

Appellant also claims the standard of review should be heightened because of the "quasi-criminal" nature of the agency's proceedings. Appellant claims the Commonwealth can use the administrative proceeding as a predicate for criminal action against him or use it for discovery or impeachment purposes under the doctrines of res judicata or collateral estoppel.

Preclusive effect will generally be given to an administrative agency's decision when that agency acted in a judicial capacity in resolving disputed issues of fact and the parties had an adequate opportunity to litigate the issue. However, a recent federal district court case

refused to give preclusive effect to an agency's decision because the agency lacked "subpoena power, power to compel the parties to attend and produce evidence and hence the power to insure that the issues are fully litigated. More significant, perhaps, is the lack of any coercive enforcement power." *Bradley v. Carydale Enterprises*, 710 F. Supp. 1063, 1068 (E.D. Va. 1989).

A hearing officer for the Department of Social Services in Virginia, according to their own Child Protective Services Manual, Volume VII, Section III, Chapter A, page 58, d.(3)(b), lacks any subpoena power or authority to administer oaths or affirmations. The hearing officer also lacks any enforcement powers (i.e., the hearing officer cannot fine parties, award damages, or otherwise compel the parties to act in accordance with the decision). Thus, the agency's decision has no res judicata effect.

In addition, Virginia Code § 63.1-248.6(G) provides that no statements or evidence obtained by child protective services personnel can be "used in evidence in the case in chief against such person in the criminal proceeding on the question of guilt or innocence over the objection of the accused."

Any potential use of appellant's testimony does not justify abandoning the traditional standard of review. Thus, the "substantial evidence" test is the proper standard for reviewing the agency's decision.

### B. *Right of Confrontation*

Appellant's first assignment of error is that the hearing officer's refusal to have the Department of Social Services reveal the name of the person who lodged the complaint against him deprived him of the right to confront his accuser as required by the Due Process Clause of the Fourteenth Amendment.

The Supreme Court has held that due process requires an opportunity to confront and cross-examine adverse witnesses whenever important decisions turn on questions of fact. *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). This is applicable in administrative actions as well. *Goldberg* at 270, citing *Greene v. McElroy*, 360 U.S. 474, 496-97 (1959).

The issue present here is whether Turner's right to confront the informant is greater than the state's need to protect the anonymity of child abuse reporters such that the state is required to disclose the name of the informant. This is basically a constitutional due process issue. The right to confront witnesses is not considered a "fundamental right." In addition, the county does not provide the name of the informant to *any* suspected child abusers. Thus, a non-fundamental right is being denied to all persons. The constitutional test applicable to such situations is a rational basis test (i.e., the government action will be upheld if it is rationally related to a legitimate state interest).

In this case, the government action is the refusal to identify child abuse informants. The stated policy of this state is to promote the reporting of suspected child abuse. Virginia Code § 63.1-248.1. This goal is furthered in two ways. First, statutory law provides immunity for any person reporting suspected child abuse. Virginia Code § 63.1-248.5. Second, the Department of Social Services' Child Protective Services Manual provides that the name of a complainant is to be confidential and will be released to the person alleged to have abused a child only by court order. Child Protective Services' Manual Volume VII, Section III, Chapter A, page 53, (7)(b)(5). It should be noted that Turner never requested such an order. The state's interest in protecting children is rationally supported by preserving the anonymity of those who report child abuse.

Even if the applicable constitutional test were strict scrutiny (i.e., the government action will be upheld if it is necessary to attaining a compelling state interest), the state's procedure of maintaining confidentiality of a complainant in a child protective service case would be upheld. It is self-evident that complaints of child abuse are facilitated by granting protection from reprisals to those who report injury to children and in many, if not most cases, this protection of anonymity is the only basis on which complaints will be made.

Thus, there was no due process violation when the Department of Social Services refused to identify the informant.

## C. *Impartial Decision Maker*

Appellant's second assignment of error is that the hearing was not conducted by an impartial and independent judge. Appellant claims that due process requires a completely independent hearing officer outside the Department of Social Services. In this case, the hearing officer was an employee of the Virginia Department of Social Services.

Appellant claims that the relationship between a parent and his child is constitutionally protected. *Wisconsin v. Yoder*, 406 U.S. 205, 231-33 (1972); *Stanley v. Illinois*, 405 U.S. 645 (1972); *Meyer v. Nebraska*, 262 U.S. 390 (1923). He claims the right to the care, custody and companionship of one's child is "fundamental liberty." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Smith v. Organization of Foster Families*, 431 U.S. 816 (1977). Appellant claims that the requirements of due process increase as the potential loss to the citizen increases. Thus, since appellant faces the loss of the care, custody and companionship of his child, he claims due process standards are heightened. Without compelling authority to require it, I decline to hold that due process requires a completely independent hearing officer.

The fact that a hearing officer is an official of the investigating agency does not, in and of itself, result in a denial of due process absent a showing of bias or improper conduct. *Hladys v. Commonwealth*, 235 Va. 145, 366 S.E.2d 98 (1988).

> Without a showing to the contrary, state administrators are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances [citations omitted].
>
> [There is also a] presumption that public officials have acted correctly [citation omitted]. That presumption may be overcome by evidence of bias or improper conduct [citation omitted] . . . [The plaintiff in *Hladys* contends] that the administrative proceedings were structurally flawed by the decisionmaker's connection with the investigating agency and its chief witness.

In the absence of a showing of bias or improper conduct, we do not agree.

*Hladys* at 148, 366 S.E.2d at 100. In this case, appellant is not claiming that any improprieties occurred. He is merely claiming that the hearing officer's connection with the Department of Social Services made the investigation fatally flawed. The *Hladys* case indicates that a challenger must show bias or improper conduct. Appellant has not alleged or proven such conduct.

### D. *Constitutionality of Virginia Code Section 63.1-248.2*

Appellant's third claim is that the Code's definition of "child abuse" is not sufficiently clear so that it requires persons of average intelligence to guess as to its meaning and differ as to its application. The pertinent section of the statute defines "abused or neglected child" as any child less than eighteen:

> Whose parents . . . threaten to create or inflict, or allow to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement, impairment of bodily or mental functions.

Virginia Code § 63.1-248.2(A)(1). Appellant claims the statute is vague as to the term "physical or mental injury." In addition, appellant claims the Department of Social Services Protective Services Manual gives an even vaguer definition. The agency defines physical abuse as "any physical injury or threat of injuring which impairs or threatens to impair the child's physical functioning." *Virginia Department of Social Services, Protective Services Manual*, Vol. VII, Section III, Chapter A, Page 3 (1989). Appellant claims that such definitions invariably lead to subjective and arbitrary decisions and give the Department of Social Services unbridled discretion in deciding whether individuals have abused their children.

There is a presumption of constitutionality for statutes. A reading of Virginia Code § 63.1-248.2 would allow a reasonable person to understand that pulling a

section of a child's hair from her head is a physical injury.

### E. *Sufficiency and Weight of the Evidence*

Appellant's fourth claim of error is that the evidence produced against him at the hearing was not clear and convincing enough to prove child abuse. Appellant was the only witness to testify at the hearing. He testified that he accidentally grabbed his daughter's hair when he was grabbing for her arm. He claims that this evidence was uncontradicted and, as such, cannot be disregarded, discredited or arbitrarily rejected as long as it is not inherently improbable. *Worsham v. Commonwealth*, 184 Va. 192, 34 S.E.2d 234 (1945); *Breckenbridge v. Marval Poultry Co.*, 228 Va. 191, 319 S.E.2d 769 (1984); *Morris v. Badger Powhatan/Figgie International, Inc.*, 3 Va. App. 276, 348 S.E.2d 876 (1986). Appellant further claims that uncontradicted evidence ordinarily should be accepted as true even though the witness offering the evidence is an interested party. *Molash v. Commonwealth*, 3 Va. App. 248, 348 S.E.2d 868 (1986).

Though the hearing officer stated "physical abuse" was shown by clear and convincing evidence, the standard which must be met is merely a preponderance of the evidence. The hearing is held pursuant to Virginia Code § 63.1-248.6:1 and is held for the purpose of determining:

> whether it appears, *by a preponderance of the evidence*, that [a report of child abuse] in whole or in part, contains information which is irrelevant or inaccurate regarding the commission of abuse or neglect by the person who is the subject of the report or record [emphasis added].

Virginia Code § 63.1-248.6:1.

In addition, the Commonwealth claims that appellant's testimony was contradicted. Appellant used two different stories as to how he pulled the hair from his daughter's head. "Uncontradicted evidence" can be disbelieved where it is somewhat contradictory in itself. *Molash v. Commonwealth*, 3 Va. App. 243, 348 S.E.2d 868 (1986). The agency

can evaluate the testimony of witnesses in the light of human experience, ascertain which testimony is ore worthy of belief and grant to it its appropriate weight. *Goodyear Tire and Rubber Company v. Pierce*, 9 Va. App. 120, 384 S.E.2d 333 (1989). Finally, the trier of facts who has observed the witness is in the best position to judge their credibility. Their finding as to credibility is given wide discretion. *Fred C. Walker Agency, Inc. v. Lucas*, 215 Va. 535, 211 S.E.2d 88 (1975).

## F. *Bad Acts*

Appellant's final claim of error is that bad acts were imputed to him by the hearing officer resulting in the finding of child abuse. A prior charge of child abuse was determined to be "Unfounded, Reason to Suspect." Appellant claims the hearing officer relied on the suspicious part of that finding and ignored the unfounded part. Appellant also claims that the hearing officer relied on another charge of negligence in 1986. This is speculation.

Even if prior events were considered, it was the appellant himself who put them into evidence by a letter to the Director of Social Services dated January 31, 1989. Thus, he cannot complain if they were considered by the trier of fact. In addition, the prior charges were relevant to show the parent-child relationship which existed between Turner and his daughter. Thus, appellant cannot speculate upon the effect of matters he asserted.

## G. *Conclusion*

In sum, appellant has made five claims, three due process and two evidentiary challenges. First, he claims that he was denied his right of confrontation. The secrecy of an informant's name is rationally related to the state's interest in protecting children who are the victims of child abuse. Thus, his first claim will fail. Second, he claims that his hearing was held by an impartial officer. Appellant fails to allege or prove any bias or improper conduct. Thus, his second claim will fail. Third, he claims that the statute is unconstitutional. A reading of the statute, however, indicates that appellant's conduct is

readily understood to be proscribed by the statute, and the statute is not impermissibly or constitutionally vague. Fourth, he claims that he was not shown to have committed child abuse by clear and convincing evidence. Since the proper standard is preponderance of the evidence, this claim must fail. Finally, he claims that bad acts were imputed to him by the hearing officer. The facts complained of, however, were offered by appellant who has not shown they were improperly used. Thus, this claim must fail.

Accordingly, I will uphold the State Department of Social Services' decision.