## CIRCUIT COURT OF FAIRFAX COUNTY

Becon Services Corp.

v.

Fairfax County
Redevelopment and
Housing Authority

March 30, 1992

Case No. (Law) 108236

By Judge Thomas A. Fortkort

This case is before the Court on the Demurrer and Plea in Bar filed by the defendant Fairfax County Redevelopment and Housing Authority. After hearing oral argument, the Court took the case under advisement. For the reasons set forth below, the Demurrer and Plea in Bar are overruled on all grounds set forth by the defendant.

The events giving rise to this litigation are given in the plaintiff's Motion for Judgment. Becon Services Corporation entered into a contract with Fairfax County Redevelopment and Housing Authority on July 25, 1988, which provided that Becon would construct the retirement community to be known as Little River Glen for the lump sum price of $5,790,000. The parties agree that the contract is to be governed exclusively by the Virginia Public Procurement Act, given in Virginia Code § 11–35 et seq. Under a separate contract, the Housing Authority hired Environmental Design Group, Inc., (EDG), as its representative and project Architect/ Engineer.

On November 27, 1990, Becon submitted a "Request for Equitable Adjustment" to EDG and the Housing Authority seeking an increase of $3,651,925 in the contract price and a time extension of 43 weeks. Becon stated in the request that it was not invoking the administrative procedures of the contract. In response to Becon's re-

quest, EDG recommended that the Housing Authority grant only a 10-day time extension and an increase of $14,777 in the contract price. Michael J. Scheurer, Director, Housing Development Division, Department of Housing and Community Development, adopted EDG's recommendation and directed issuance of the change order for $14,777 on May 22, 1991.

Becon then submitted its request as a claim for a final decision pursuant to paragraph 7.4.1 of the contract and Virginia Code § 11–69(A), stating again that it was not invoking the administrative procedures of the contract. The Director denied the claim on August 14, 1991, insisting that the contract required Becon to exhaust the administrative appeal procedure before the Fairfax County Executive before filing the action in Circuit Court.

Count I of the Motion for Judgment seeks declaratory relief to acknowledge Becon's right to elect appeal to the Circuit Court, or in the alternative, to recognize a failure of the Housing Authority to provide a valid contractual remedy. Count II of the Motion for Judgment states Becon's breach of contract claim. Becon claims that the Housing Authority changed the scope of the work from that specified in the contract and provided Becon with inaccurate and defective project plans and specifications. In addition, Becon contends that design deficiencies and unanticipated conditions at the project site delayed and interrupted the plaintiff's performance of the contract work. Becon claims that because of the deviations from the original contract, it is entitled to an extension of time and additional payment. Becon also contends that the Housing Authority wrongly assessed liquidated damages for Becon's failure to complete the project on time and that it wrongly retained the balance due on the contract work that Becon had completed. In Count II of the Motion for Judgment, Becon claims breach of contract damages of $3,651,925 and a time extension totalling 43 weeks.

The Court has before it today the defendant's Demurrer and Plea in Bar, which collectively submit five arguments contending that the Motion for Judgment fails to state a cause of action. First, the Housing Authority claims in the Demurrer and in the Plea in Bar that the plaintiff has not alleged its compliance with the provision given in Virginia Code § 11–69(A) which requires that the contractor give

written notice of intention to file a claim at the time of the occurrence or beginning of the work upon which the claim is based.

The Court overrules the defendant's Demurrer and Plea in Bar on this issue. Becon first states in paragraph 8 of the Motion for Judgment that it submitted a "Request for Equitable Adjustment" to the Housing Authority and to EDG on November 27, 1990, seeking additional payment of $3,651,925 and a 43-week extension of time. Becon then alleges in paragraph 28 of the Motion for Judgment that it "submitted requests for change orders during the course of the project for work beyond the scope of that specified in the contract documents." Becon's Memorandum of Law Opposing Defendant's Demurrer and Plea in Bar explains that the plaintiff submitted the proposed change orders throughout its work on the project as required by § 11–69, and that on November 27, 1990, it resubmitted those claims that had not been approved by the Housing Authority.

The Court finds that the plaintiff has properly alleged its compliance with the notice of intention to file a claim provision given in § 11–69(A) by indicating in the Motion for Judgment that it submitted the proposed change orders during the course of its work on the project. Becon's pleading is sufficient to withstand the Demurrer on this issue because it alleges facts which, if true, would bring Becon's actions in compliance with this notice provision of § 11–69(A). The pleading also survives the defendant's the Plea in Bar on this matter because the defendant has not demonstrated an issue of fact which would resolve the case and thus bar the plaintiff's claim.

The defendant's second argument supporting the Demurrer and Plea in Bar claims that the plaintiff has failed to allege its compliance with the provision given in Virginia Code § 11–69(A) which requires that contractual claims be submitted no later than sixty days after final payment. The Housing Authority contends that its November 2, 1990, letter to Becon constitutes final payment, and that Becon did not file its claim until July 16, 1991, more than six months after the sixty-day limitations period had expired.

The Court overrules these arguments supporting the Demurrer and Plea in Bar on two grounds. The November 2, 1990, letter from the Housing Authority does not tender final payment to the contractor; instead it explains why final payment is to be withheld, assesses liquidated damages, and outlines other costs. Moreover, the letter does not constitute the making of final payment as it is defined in

Article 9.9.6 of the contract: this Article provides that final payment shall signify the waiver of all claims by the Housing Authority against the contractor. The Court therefore overrules the defendant's Demurrer and Plea in Bar on this matter, finding that final payment has not yet occurred and that the plaintiff's filing of its claim is timely.

As its third argument in support of the Demurrer, the Authority claims that the declaratory relief from the Circuit Court sought by the plaintiff in Count I of the Motion for Judgment is unavailable because the plaintiff has failed to exhaust available administrative remedies. The Authority fails to address in its briefs or memoranda, however, the plaintiff's contention that the Act provides for original jurisdiction of claims appeals both in an administrative proceeding established under Code § 11–71 and in an appropriate circuit court. The plaintiffs have on several occasions clearly indicated their desire to adopt the non-administrative remedies of Virginia Code § 11–70.

Virginia Code § 11–70(E) provides that "A contractor may bring an action involving a contract dispute with a public body in the appropriate circuit court." Code § 11–70(F) further states that a contractor need not use the administrative process; however, once a contractor has invoked this process, it must exhaust the administrative route before bringing the claims appeal to the circuit court. Under these statutory provisions, the plaintiff's cause of action in this case is properly initiated in this Court. The defendant's Demurrer on this matter is overruled.

The plaintiff also supports its contention that the circuit court is the proper forum for its action by challenging the fairness of the administrative appeals procedure. Becon argues that § 11–71 of the Act provides that a "disinterested person or panel" is to adjudicate the claim, and that the County Executive is not sufficiently disinterested in the situation as to satisfy due process requirements.

In overruling the defendant's contention that the circuit court is not the proper forum for the plaintiff's claim, the Court need not reach the plaintiff's additional legal argument that the County Executive is not a disinterested adjudicator. However, to the extent that this matter remains an issue in the case, this Court notes the dicta in *Gust K. Newberg Construction Co. v. County of Fairfax*, No. 90–

2463, slip. op. (4th Cir. Aug. 15, 1991) (per curiam).[1] The Virginia Supreme Court has ruled that use of government employees as administrative decision makers does not per se violate due process. An employee who has not participated in making the determination under review will meet general administrative criteria. *Hladys v. Commonwealth of Virginia*, 235 Va. 145, 366 S.E.2d 98 (1988) *citing Goldberg v. Kelly*, 397 U.S. 254 (1970). This ruling generally follows the majority rule on administrative processes where interested parties who are not specifically involved in the decision appealed are often, either accidentally or by design, part of the administrative review. Due process is met by providing court review once administrative remedies are exhausted.

The Commonwealth has opted in the Act to provide contractors with two avenues of relief for their contract claims. One avenue is the direct access to the circuit court without the need to enter any administrative process. The second path provides for an administrative procedure which, once entered into by the plaintiff, must be pursued to its exhaustion. This path obviously invokes the general rule of administrative procedure that a plaintiff must exhaust administrative remedies before seeking court-ordered relief.

The defendant also demurs to Count I of the Motion for Judgment on the grounds that the plaintiff has intervened as *amicus curiae* on a similar case before the United States Court of Appeals for the Fourth Circuit. The Authority's claims here do not challenge the sufficiency

---

[1] In *Newberg Construction*, the Fourth Circuit considered the claims of a construction contractor arising from its renovation of a pollution control plant operated by Fairfax County. The court addressed the mandate given in § 11–71 of the Procurement Act that the administrative procedure shall provide for a hearing before a disinterested person on panel. "While we specifically refrain from ruling on whether any of the hearing officers in this case were in fact 'interested' in violation of the Procurement Act's mandate, we find that, in the future, controversy can best be avoided by appointment of new hearing officers who (1) are not employees of the County, (2) are completely independent of the parties, and (3) are knowledgeable of the construction business." No. 90–2463, slip. op. at 5 (4th Cir. Aug. 15, 1991). Without legislative history or prior court rulings, the Fourth Circuit appears reluctant to impose a court-ordered procedure not clearly mandated either by case law or by the Act. Nevertheless, the criteria suggested by the Fourth Circuit should signal the County that its reliance on the general administrative law in naming the County Executive as its hearing officer may be misplaced.

of the plaintiff's Motion for Judgment, and therefore are not properly raised on Demurrer. The Court therefore overrules the Demurrer of this issue.

Finally, the Authority contends in its Demurrer that the breach of contract claim given in Count II of the Motion for Judgment fails to state a cause of action because Virginia Code § 11–70 addresses only contract disputes and does not provide for breach of contract claims. The Authority argues that since the words "breach of contract" are not mentioned in the Act, breach of contract claims may not be maintained against the Authority. Under the Authority's reading of this section of the Act, contract disputes presumably would be justiciable, but these disputes would not include claims for breach of contract.

The defendant provides no support for its contention that the term "contract dispute" as it is given in the Act would not include claims for breach of contract. Such an interpretation of this statutory term would render a contractor's legal remedies as outlined by Code § 11–70 virtually useless. The Court therefore overrules the Demurrer on this matter, finding that Becon's breach of contract claim given in Count II of the Motion for Judgment is properly alleged.