CHIEF JUSTICE CARRICO,
with whom JUSTICE COMPTON and JUSTICE HASSELL join, dissenting.
I disagree with the majority’s holding that the date from which the ninety-day limitation began to run in this case was the commencement of the informal fact-finding proceeding. I can find nothing in Code § 9-6.14:11 that mandates this holding, and, moreover, I think it would be more consistent with the applicable statutory provisions to hold that the limitation began to run from the end of the informal fact-finding proceeding, rather than its beginning.
The apparent basis for the majority’s holding is that there is no difference between the term “informal conference or consultation proceedings,” as used in subsection A of Code § 9-6.14:11, and the term “informal fact-finding proceeding,” as used in subsection D. Disavowing any difference, the majority says that the term “ ‘fact-finding proceeding’ . . . must be ‘given its ordinary meaning, given the context in which it is used.’ ” The majority then concludes that the term “informal fact-finding proceeding” in subsection D means the same thing as “conference or consultation proceedings” mentioned in subsection A and, in this case, “that proceeding was the informal conference that the agency representative held on April 25, 1995.”
However, “ ‘[wjhen the General Assembly uses two different terms in the same act, it is presumed to mean two different things.’ ” Klarfeld v. Salsbury, 233 Va. 277, 284-85, 355 S.E.2d 319, 323 (1987) (quoting Forst v. Rockingham Poultry Mktg. Coop., Inc., 222 Va. 270, 278, 279 S.E.2d 400, 404 (1981)). I would conclude, therefore, that, in the context in which the two terms are used in the Administrative Process Act, an informal fact-finding proceeding, while it may include an informal conference or consultation proceeding, is intended to mean the whole fact-finding process involved in a particular case. And, in the particular case now before us, the process included receipt by VRS of the report of the Medical Board pursuant to Code §§ 51.1-124.23 and -156. Until receipt of that report, the fact-finding process was not complete and the VRS could not render a decision on Rizzo’s application for disability retirement.
*386 Since VRS is not free to render a decision in a disability retirement case like the present one until the fact-finding process ends upon receipt of the Medical Board’s report, it is only logical, in my opinion, to have the ninety-day limitation begin to run from the end of the fact-finding process, rather than its beginning. I do not share the majority’s fear that, unless the limitation is made to run from the commencement of the fact-finding process, the VRS and the Medical Board would manipulate the process and render meaningless the time limitations established in the APA. It is presumed that public officials will discharge their functions correctly, Hladys v. Commonwealth, 235 Va. 145, 148, 366 S.E.2d 98, 100 (1988), and I am willing to accord VRS and the Medical Board that presumption.
Accordingly, I would affirm the judgment of the Court of Appeals.