## CIRCUIT COURT OF THE CITY OF SALEM

Lewis-Gale
Medical Center, L.L.C.

v.

Karen Remley,
State Health Commissioner,
Commonwealth of Virginia

May 29, 2013

Case No. CL11-00469

By Judge J. Michael Gamble

I am writing to furnish my decision in this case. In this regard, I affirm the decision of the State Health Commissioner ("Commissioner") denying the application of Lewis-Gale Medical Center ("LGMC") for a Certificate of Public Need ("COPN"). On July 1, 2010, LGMC submitted an application requesting a COPN from the Commissioner that would allow it to establish specialty level nursery care services with the addition of eight specialty-level bassinets. If this request were granted, LGMC would have been permitted to operate thirteen bassinets, eight of which would be "specialty" care neonatal bassinets, and five of which would be general bassinets which are currently operated on the hospital.

Va. Code § 32.1-102.3(A) provides that no project shall be commenced without first obtaining a COPN from the Commissioner. The request for eight specialty level newborn bassinets, constitutes a project under the definition set forth in Va. Code § 32.1-102.1. Va. Code § 32.1-102.3(A) also provides that no COPN may be issued unless the Commissioner determines that there is a public need for the project. Further, this code section provides eight criteria the Commissioner must consider in determining whether there is a public need for the project. Va. Code § 31.1-102.3(B).

The Division of Certificate of Public Need ("DCOPN") is a division of the Virginia Department of Health. DCOPN is responsible for accepting COPN

applications for review, conducting its own review of COPN applications, and preparing a report and recommendation to the Commissioner for COPN applications. DCOPN filed a twenty page staff analysis report dated October 19, 2010, recommending denial of the LGMC COPN application.

Thereafter, Douglas R. Harris, J.D., Adjudication Officer with the Department of Health, issued his recommendation dated August 31, 2011, to the Commissioner. The Adjudication Officer concluded that the LGMC application for a COPN should not be granted approval. The Adjudication Officer, in his sixteen page recommendation, noted that the recommendation followed an informal fact-finding conference and a full review of the administrative record.

By letter dated September 12, 2011, the Commissioner issued her decision denying the application for a COPN by LGMC. LGMC, pursuant to Rule 2A:4 of the Rules of the Supreme Court of Virginia, Va. Code § 32.1-102.6, and Va. Code § 2.2-4026, filed its petition for appeal from the decision of the Commissioner.

There have been no procedural objections to the petition for appeal. Accordingly, I find that the petition for appeal is properly before the court.

Va. Code § 2.2-4027 requires the complaining party (LGMC) to demonstrate error of law subject to review by the court. This code section further defines four issues of law that may be considered by the court. Further, the code section provides that "[W]hen the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be limited to ascertaining whether there is substantial evidence in the agency record upon which the agency as the trier of facts could reasonably find them to be as it did."

The Commissioner is presumed to have acted correctly during the administrative process. *Hladys v. Commonwealth*, 235 Va. 145, 148, 366 S.E.2d 98, 100 (1988). Further, on appeal the complaining party has the burden of demonstrating error of law subject to review. *Hilliards v. Jackson*, 28 Va. App. 475, 479, 506 S.E.2d 547, 549 (1998). The appellate court must review the facts in light most favorable to the agency, with due consideration of the presumption of official regularity, the experience in specialized competence of agency, and the purposes of the basic law under which the agency has acted. *Hillards*, 28 Va. App. at 479, 506 S.E.2d at 549 (decided under the earlier Virginia Administrative Process Act, Va. Code § 9-6.14:1, *et seq.*)

I have reviewed the petition for appeal, appendix, briefs of the parties, case law, statutory law, and regulations prior to making this decision. I find that the Commissioner has complied with her duty to thoroughly consider the factors under Va. Code § 32.1-102.3(B). This consideration has included consideration of the regulations adopted pursuant to the State Medical Facilities Plan ("SMFP"). The recommendations of the DCOPN and the Adjudication Officer to the Commissioner address the factors to be

considered under Va. Code § 32.1-102.3 and the Regulations applicable to SMFP. After a full review, I cannot find that there has been established by LGMC error of law subject to review under Va. Code § 2.2-4027. Further, I find that there is substantial evidence in the agency record with respect to issues of fact upon which the Commissioner could deny the COPN. I cannot find that the Commissioner's factual findings should be rejected because a reasonable mind would necessarily come to a different conclusion. *Virginia Rl. Est. Comm'n v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983).