VIRGINIA BOARD OF MEDICINE, et al.

v.

PATRICK J. FETTA, D.C.

No. 1226-90-2

Decided August 27, 1991

COUNSEL

Lynne R. Fleming, Assistant Attorney General (Mary Sue Terry, Attorney General; Jessica S. Jones, Senior Assistant Attorney General; Howard Casway, Assistant Attorney General, on briefs), for appellants.

William H. Shewmake (J. Thomas McGrath; Malcolm P. McConnell, III; Coates & Davenport, on brief), for appellee.

OPINION

DUFF, J.—This appeal arises from a decision of the Circuit Court of the City of Richmond, reversing a license revocation of Dr. Patrick J. Fetta ("Fetta"). The Virginia Board of Medicine ("Board") revoked Fetta's chiropractic license, finding he had conducted sexually intrusive procedures upon his female patients, which were beyond the legal and accepted scope of the practice of chiropractic medicine in Virginia. The circuit court found the participation of three Board members in the evidentiary hearing to be error, and, therefore, reversed the Board's decision.

The Board contends: (1) the court erred in finding the Board lacked statutory authority for the procedure used at the evidentiary hearing; (2) Fetta's objection to the Board members' participation at the evidentiary hearing was untimely; (3) the court erred in ruling the Board's procedure was not mere harmless error; and (4) the court erred in ordering the Board to dismiss the

complaints against Fetta instead of remanding.

Code § 9-6.14:14.1(A) of the Administrative Process Act (APA) provides that all formal administrative hearings conducted in accordance with Code § 9-6.14:12 "shall be presided over by a hearing officer. . . . " Code § 9-6.14:14.1(E) provides an exception where the hearing is conducted before a quorum of a board.[1] Code § 54.1-110(A) provides, in pertinent part: "[e]very hearing in a contested case shall be conducted in accordance with the provisions of the Administrative Process Act. . . . When a hearing officer presides, the regulatory board shall determine whether the hearing officer is to hear the case alone or whether the board is to hear the case with the hearing officer." Code § 54.1-110 clearly and unambiguously states that when a hearing officer presides over a formal hearing, that hearing officer may hear the case "alone" or with the "board." The "board" does not mean selected members of the board. Instead, the "board" means at least a quorum of the full Board of Medicine.

In the present case, the Board selected three of its members to sit with the hearing officer in a "quasi-judicial" capacity. Those members were allowed by the hearing officer to ask questions of the witnesses, and, on at least one occasion, offered an opinion on the admissibility of evidence. We agree with the trial court's finding that this procedure was error.

Under Code § 54.1-110(A), the Board must make an election when they have decided a hearing officer will preside as to whether the hearing officer is to hear the case alone or whether the full Board is to hear the case with the hearing officer. The Board failed to make this election, but instead decided to have a hearing officer preside along with three Board members. This procedure is not an option under the statute. When the Board decides that the hearing officer will hear the case alone, the hearing officer recommends findings and a decision to the full Board. The full Board, or a quorum thereof, then makes the decision. Allowing certain Board members to participate in this hearing with the hearing officer obviates the division of responsibilities envisioned under the statute. The statute does not allow the Board to select certain members to participate in the investigatory stage, as well as the decisional stage. Instead, we find the intent of the statute is

[1] "Eleven members of the Board shall constitute a quorum." Code § 54.1-2911.

that each member of the Board be presented with the information on an equal basis.

In the present case, it is understandable that the members who were present at the evidentiary hearing would have a different perspective and viewpoint of the evidence than those members who were not present. Under Code § 54.1-110, no Board member should have a greater familiarity with the evidence introduced or the witnesses. The problem which results from this procedure is the Board members not in attendance at the evidentiary hearing may defer to the Board members who did attend. This process is analogous to an appellate court's deferral to a trial court on matters such as credibility of witnesses. The ramifications of this procedure are that the full Board does not hear and see the evidence on an equal basis; there is also an appearance of impropriety.

The Board contends that Code § 54.1-2920 is a more specific statute than Code § 54.1-110, and, therefore, supersedes Code § 54.1-110. This issue was not raised at either the formal hearing or in the circuit court. Therefore, we will not consider it for the first time on appeal. Rule 5A:18.

The Board further argues that Dr. Fetta did not object, at the time the full Board met, to the participation of the three Board members at the evidentiary hearing, and therefore, waived the right to object on appeal. However, Dr. Fetta was not required to make argument, or even appear at the full Board hearing. Under Code § 9-6.14:12(D):

[in] all cases, on request, opportunity shall be afforded for oral argument. . . (ii) to the agency [Board of Medicine] . . . as it may permit in its discretion or provide by general rule.

The statute expressly provides that oral argument is not required. Therefore, we reject the Board's argument that Dr. Fetta waived his right to object.

Moreover, the Board met to review the decision and the record established by the hearing officer. Contained in this record were several objections made by Dr. Fetta to the participation of the three Board members at the evidentiary hearing. We find, therefore, that the Board was aware of these objections and could have

taken corrective action, but failed to do so. Dr. Fetta's failure to raise this objection again before the full Board, however, did not constitute a waiver of right to argue this issue on appeal.

The Board contends the trial court failed to examine the extensive record to see if other credible evidence existed to support its finding. Instead, the court assumed the presence of the three Board members tainted the fact-finding process. We agree with the circuit court that the participation of the three Board members at the evidentiary hearing tainted the fact-finding process. In addition, we agree that this improper procedure undermines the substantiality of the evidence standard required by Code § 9-6.14:17, for affirmance of the Board's findings.

Finally, the Board argues the court erred in ordering the dismissal of the complaints against Dr. Fetta instead of remanding the case to the Board for further adjudication. Code § 9-6.14:17 allows the court to remand for such further agency action "as the court may permit." The court found it could not permit any further agency action due to the fact that the full Board had been tainted by the improper fact-finding process. The three Board members who were present at the evidentiary hearing were also present during the full Board's deliberations. The whole Board heard the accounts of the evidentiary hearing from these three members. The court found that this same Board, therefore, could not be expected, upon remand, to make an unbiased decision. Moreover, the court based this decision on the fact that the appearance of impropriety could not be corrected by remanding this case to the same Board for further adjudication. The trial court's decision was discretionary, and, in the absence of evidence of abuse of that discretion, will not be disturbed on appeal.

Accordingly, the decision appealed from is

*Affirmed.*

Baker, J., and Benton, J., concurred.