# Virginia Board of Medicine

v.

# Patrick J. Fetta, d.c.

Record No. 911526

September 18, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy and Hassell, JJ.,
and Poff, Senior Justice

*Lynne R. Fleming, Assistant Attorney General (Mary Sue Terry, Attorney General; Jessica S. Jones, Senior Assistant Attorney General; Howard M. Casway, Assistant Attorney General,* on briefs), for appellant.

*William H. Shewmake (Malcolm P. McConnell, III; Coates & Davenport,* on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this case originating before an administrative agency, the agency violated statutory provisions relating to the conduct of the

administrative proceeding. The central issue on appeal is the effect of this violation on the ultimate disposition of the administrative matter.

In 1988, charges were brought by appellant Virginia Board of Medicine against appellee, Patrick J. Fetta, a licensed Virginia chiropractor, alleging violation of certain laws governing the practice of chiropractic. In early 1989, a formal administrative hearing on the charges was conducted by a hearing officer. The charges were prosecuted by an Assistant Attorney General. Fetta appeared at the hearing with counsel and contested the charges.

At the time of this proceeding, Code § 54.1-110(A), one of the general statutory provisions relating to regulatory boards, provided:

"Every hearing in a contested case shall be conducted in accordance with the provisions of the Administrative Process Act (§ 9-6.14:1 et seq.). When a hearing officer presides, the regulatory board shall determine whether the hearing officer is to hear the case alone or whether the board is to hear the case with the hearing officer."*

As the hearing commenced, four physician members of the 16-member Board of Medicine were sitting with the hearing officer. Fetta objected to the presence of the Board members, asserting that the procedure was contrary to law.

Fetta correctly contended that Code § 54.1-110(A) provided for only two methods of conducting the proceeding. First, the hearing officer could conduct the hearing, sitting alone. If that method is selected, the hearing officer takes the evidence, recommends findings to the Board, and forwards those findings along with the exhibits and a transcript of the testimony to the full Board, or a quorum, for its consideration. See Code § 9-6.14:12. Eleven members of the Board constitute a quorum. Code § 54.1-2911. Second, the full Board, or a quorum, may hear the evidence with the hearing officer.

Fetta pointed out that the statute did not authorize a few selected Board members to sit when the hearing officer is taking the evidence. Among other reasons, Fetta argued that such an illegal procedure allowed Board members who sit at the evidentiary hearing to unduly influence the rest of the Board when it considers the hearing officer's recommendations at the decisional stage of the proceeding.

---

* Section 54.1-110(A) was amended effective July 1, 1992.

The hearing officer overruled Fetta's objections. The hearing continued over a four-day period with the Board members actively participating in the examination of witnesses; on one occasion, a Board member offered an opinion on the admissibility of evidence. Subsequently, the hearing officer submitted recommendations to the Board.

In July 1989, 15 members of the Board, including the four who participated in the hearing, met to "act upon the transcript and record, and report of the Hearing Officer in this matter." Following argument of counsel, the Board unanimously adopted the hearing officer's findings of fact and conclusions of law. It ordered that Fetta's license to practice chiropractic in the Commonwealth be revoked.

Fetta sought review of the agency action in the Circuit Court of the City of Richmond. Following a hearing and argument of counsel, the circuit court set aside the Board's decision and remanded the case to the Board with instructions to dismiss the proceeding. The court further ordered the Board not to institute any further proceedings against Fetta based on any allegation of misconduct which had been the subject of the instant proceeding.

The Board appealed of right to the Court of Appeals, which affirmed the decision of the circuit court. *Virginia Board of Medicine* v. *Fetta*, 12 Va. App. 1173, 408 S.E.2d 573 (1991). We awarded the Board this appeal, concluding that the decision of the Court of Appeals involves a matter of significant precedential value. Code § 17-116.07(B).

In this appeal, the Attorney General argues that the Court of Appeals "incorrectly determined that the Board could not hear Fetta's case on remand." Relying on *Hladys* v. *Commonwealth*, 235 Va. 145, 366 S.E.2d 98 (1988), and cases from other jurisdictions, the Attorney General says that members of administrative boards "are presumed to be conscientious and capable of judging cases fairly on their merits," and there is a presumption that Board members, as public officials, "have acted correctly." In addition, the Attorney General argues that there was no "evidentiary basis" to support the assumptions of the circuit court and the Court of Appeals that the presence of the four Board members at the formal hearing unduly influenced the Board during the decisional phase of the proceeding. Also, the Attorney General contends that the Court of Appeals erroneously ruled that the circuit court did not abuse its

statutory authority when it ordered the proceeding dismissed upon remand. We do not agree that the Court of Appeals erred.

Code § 9-6.14:19, a part of the Administrative Process Act, controls the action a circuit court may take when it finds a case decision ''to be not in accordance with law under § 9-6.14:17.'' Among the errors of law addressed in the latter statute is failure of the agency to comply ''with statutory authority'' and failure of the agency to observe ''required procedure.'' § 9-6.14:17(ii) and (iii). When the court finds the case decision to be unlawful on these grounds, it ''shall suspend or set it aside and remand the matter to the agency for such further proceedings, if any, as the court may permit or direct in accordance with law.'' § 9-6.14:19. The plain language of the statute mandates that where, as here, a circuit court has made such a determination of invalidity, the court shall suspend or set the decision aside and remand the matter to the agency. The court itself may not undertake the agency action directly.

The statute is equally explicit, however, in granting to the circuit court, when it remands the case ''for such further proceedings, if any, as the court may permit or direct,'' the discretion to specify exactly what shall be done on remand. If the General Assembly had intended that every remanded case should merely be heard again *de novo*, which is the effect of the Attorney General's argument, the legislature would not have included the words ''if any'' after ''further proceedings.'' By the use of ''if any,'' the General Assembly has indicated that there would be cases in which no further proceedings would be had after remand. In sum, the clear statutory language contemplates that the circuit court may order a new hearing upon remand or, as here, may order dismissal of the charges, resulting in no further hearing at all.

We are unpersuaded by the Attorney General's argument based on *Hladys*, which deals with the presumption of regularity of administrative decisions, and federal constitutional law cases, which deal with when a member of an administrative agency who has prior knowledge of the case may still participate in the agency's decision. Those authorities define the scope of appellate review when the substantive validity of the agency decision is challenged, and are irrelevant. At this stage of the present case, the invalidity, on purely statutory, not constitutional, grounds, of the Board's decision to revoke Fetta's license is not an issue. The inquiry now simply is whether the circuit court abused its judicial discretion in refusing to order a

new hearing of the same charges and in ordering the proceeding dismissed.

The circuit judge, the Honorable Randall G. Johnson, articulated during the course of an opinion letter the reasons for his action upon remand, as follows:

"In light of the proceedings which have already taken place in this case, particularly the Board's findings based upon improper procedure, the court cannot imagine how the individual Board members can erase what has happened from their minds and consider this case as if they had had no previous involvement with it. Human nature being what it is, no amount of self-discipline will allow the Board members to ignore what they have already seen, heard, and discussed during the flawed proceeding so that Dr. Fetta will receive a full and fair hearing on remand."

█ The concern about the fairness of the proceeding expressed by the circuit judge is a legitimate factor to be considered in the sound exercise of judicial discretion. Contrary to the argument of the Attorney General, no "evidence" is necessary to support the circuit court's observations in a case like this where the flawed procedure at the evidentiary hearing has tainted the fact-finding process. Therefore, we hold that the Court of Appeals properly found that the circuit court did not abuse its discretion.

The Attorney General also contends that Fetta waived his right to contest the flawed procedure employed by the Board. She relies on Code § 54.1-110(B), which provided, before a 1992 amendment, as follows:

"A board member shall disqualify himself and withdraw from any case in which he cannot accord fair and impartial consideration. Any party may request the disqualification of any board member by stating with particularity the grounds upon which it is claimed that fair and impartial consideration cannot be accorded. The remaining members of the board shall determine whether the individual should be disqualified."

The Attorney General points out that Fetta never challenged the procedure during the course of the oral argument to the full Board at

the July deliberative session. She also argues that "Fetta's objections to the hearing officer concerned only the procedures followed during the evidentiary portion of the hearing and do not satisfy the requirements of" the statute. We hold there has been no waiver.

■ Fetta made a broadside challenge to the overall fact-finding procedure; he was not merely seeking the disqualification of a few Board members. Thus, we doubt that Code § 54.1-110(B) applies. Nevertheless, we will give the Board the benefit of the doubt and assume that the statute is applicable.

The transcript of the formal hearing reveals that on at least seven occasions Fetta's attorney strenuously objected to the participation of the Board members and assigned detailed reasons for the objections. The record shows that the Board members had access to the transcript before the full Board decided the matter. The presiding officer of the Board, at the beginning of the July session, stated: "The Board has before it the transcript, exhibits and briefs [filed] by counsel for Dr. Fetta and the Board." The Board's final order recites that the Board met at the July session "to act upon the transcript and record, and report of the Hearing Officer in this matter."

Therefore, each Board member either was, or should have been, cognizant of Fetta's recorded procedural objections prior to the time the final vote was taken. Anyone who made even a cursory review of the transcript would have been struck by the persistence with which the objections were voiced on Fetta's behalf.

And, the mere failure to mention the issue during oral argument of the facts of the matter does not amount to a waiver of the procedural objection. As the Court of Appeals stated, the applicable statute does not require the party who is the target of the proceeding to present oral argument before the Board, or even to appear at the full Board hearing. See Code § 9-6.14:12(D) ("In all cases, on request, opportunity shall be afforded for oral argument . . . to the agency. . .''). If Fetta had chosen not to appear at the July Board session, surely the statutory scheme does not contemplate that he would have waived his right to contest the revocation. It follows that, if he elects to present argument, he will not be deemed to have waived procedural objections aggressively pursued at the formal hearing by not repeating the objections during the course of closing argument on the facts.

■ Thus, we hold that, even if Code § 54.1-110(B) applied, Fetta has substantially complied, without waiver, with the requirement

that a party must state, in the language of the statute, "with particularity the grounds upon which it is claimed that fair and impartial consideration cannot be accorded."

■ Finally, the Attorney General contends that the Court of Appeals erred "in ruling that the Board's procedure in conducting the formal administrative hearing was not mere harmless error." *See* Code § 9-6.14:17(iii) (failure to observe required procedure excused if "mere harmless error"). There is no merit to this contention. As the circuit court observed, "the factual issues were very much in dispute." Thus, the presence of the four Board members at the evidentiary hearing, and their subsequent participation in the full Board's deliberations, could have had a significant impact on the ultimate decision so as to undermine the "substantiality of the evidential support" for the factual findings, *see* Code § 9-6.14:17(iv), and the Court of Appeals correctly so held.

Consequently, the judgment of the Court of Appeals will be

*Affirmed.*

CHIEF JUSTICE CARRICO, dissenting

I would affirm the decision of the Board of Medicine to revoke Dr. Fetta's license. In my opinion, by failing to voice at the July deliberative session any objection to what the majority terms "the flawed procedure employed by the Board," Fetta waived any objection he may have had to that procedure.

It was at the deliberative session that Fetta's fate would be determined, and that was the crucial time and place for him to challenge the procedure and request the disqualification of the board members who had participated in the allegedly improper questioning of witnesses at the administrative hearing. The hearing officer had no authority to disqualify members of the board from participating in the deliberative session; only the board itself possessed that authority. Code § 54.1-110(B).

Yet, through some nineteen appendix pages of oral argument at the deliberative session, Fetta's counsel did not once criticize the proceedings before the hearing officer or even mention the fact that some of the board members had participated in questioning witnesses. And Fetta's counsel certainly did not seek at the deliberative session to have any of the board members disqualified for their alleged misconduct at the administrative hearing. Indeed, the record

of the deliberative session is astonishingly silent with respect to *anything* that occurred at the earlier hearing.

Furthermore, I think it is unsatisfactory to say, as the majority says, that Fetta was relieved from voicing any objection at the deliberative session because "the applicable statute does not require the party who is the target of the proceeding to present oral argument before the Board, or to even appear at the full Board hearing." No statute requires the appearance of a party at the hearing of any civil case, but a party stays away at the certain peril that the contemporaneous objection rule will be invoked against him if he later tries to protest something that occurred at the hearing.

However, Fetta did appear at the deliberative session, he did present argument, and, by failing to mention the procedural defects or seek the disqualification of any board member, lulled the board into believing he did not intend to rely upon the defects. Rather than raise the procedural defects, Fetta chose to employ the tactical maneuver of attacking the credibility of the adverse witnesses and making a "golden rule" argument. He told the board members:

> [T]he decision that you make is also going to affect you, because it is going to affect your practice, and I am asking you to protect [Fetta] and to protect yourselves . . . . [I]f you are going to buy [the testimony of one of the witnesses that Fetta] did vaginal stimulation of her for five hours, think about it . . . if you can buy that then nobody is safe. . . .

Fetta held back at the deliberative session, remained silent on the subject of procedural defects, and then, after his tactical maneuver failed, resurrected the defects in the circuit court. The contemporaneous objection rule is designed to prohibit just such a practice. I would apply Rule 5:25 of the Rules of this Court to prohibit Fetta from benefitting from such a practice here. To do otherwise would effectively erase the rule from the books.