## CIRCUIT COURT OF THE CITY OF RICHMOND

Steve Kenneth Branch,
t/a Ivory's Restaurant

   v.

Department of
Alcoholic Beverage Control

July 13, 1994

Case No. HE-521-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal under the provisions of the Administrative Process Act, Va. Code § 9-6.14:1 *et seq.*, from two final decisions and orders of the Virginia Alcoholic Beverage Control Board which revoked the mixed beverage and wine and beer on premises licenses of Steven Kenneth Branch, t/a Ivory's Restaurant, in Richmond. Among the grounds relied on by the Board for such revocations were inadequate food sales, failure to keep complete, accurate, and separate records, filing a fraudulent report, concealing the sale or consumption of alcoholic beverages, paying for beer at wholesale with checks that were dishonored, and being "so located that violations of the A.B.C. Act or the laws of the Commonwealth relating to peace and good order have resulted from issuance of the license[s] and operation thereunder by the licensee . . . ."

Branch raises five assignments of error.[1] First, Branch argues that the hearing officer erred in considering and relying upon a videotape which was never properly made a part of the record or shown to Branch or his counsel. Second, Branch contends that in addition to the videotape, the hearing officer allowed into evidence a computer log showing incidents of disturbances in and around Ivory's without proper notice to Branch or his counsel. Third, Branch argues that the hearing officer erred in applying the law with reference to the charge of fraud. Next, Branch challenges the Board's finding concerning food sales. And fifth, Branch claims that the finding related to concealment of sales of alcoholic beverages is contrary to the evidence. For the reasons which follow, the court rejects all of Branch's arguments except the first one, which will be discussed last. Branch's other arguments will be discussed in order.

## I. *Notice*

At the hearing in this matter, the Department offered into evidence two items which Branch now contends should have been excluded. The first was a local television station's news videotape of what the hearing officer described as a "major shooting incident during which four patrons leaving the establishment were wounded by gunshots," as well as of another incident apparently unrelated to Ivory's, and of a different shooting incident close to Ivory's. The second item was a computer log prepared by a City of Richmond police officer showing incidents of alleged disturbances in and around Ivory's. Both items were admitted into evidence by the hearing officer.

Branch's challenge to the hearing officer's action is based on Va. Code § 9-6.14:11(B), which states:

> Agencies may, in their case decisions, rely upon public data, documents or information only when the agencies have provided all parties with advance notice of an intent to consider such public data, documents or information. This requirement shall not apply to an agency's reliance on case law and administrative precedent.

---

[1] Actually, Branch lists seven "Assignments of Error." The last two, however, deal with what Branch feels should be done on remand, and with a request for attorney's fees and costs. They are not really assignments of error.

It is Branch's contention that the videotape and computer log are public documents and that the statutory notice was not given. The court rejects this argument for two reasons.

First, at the time these items were offered, there was no objection based on lack of notice except to certain dates contained in the computer log. That objection was sustained, and the hearing officer did not consider those dates in making his ruling. While Branch cites *Virginia Board of Medicine v. Fetta*, 244 Va. 276, 421 S.E.2d 410 (1992), to argue that contemporaneous objections are not required under the Administrative Process Act, *Fetta* does not so hold. What *Fetta* holds is that when a party objects to a procedural irregularity — and by implication, to the admission of evidence — at a hearing, that party need not renew or reiterate that objection during oral argument to the full board or commission. 244 Va. at 282. *Fetta* does not relieve a party of the duty to object in the first instance.

Second, and more important, is that I simply do not believe that either the videotape or the computer log is the type of "public data, document[ ] or information" contemplated by the statute. Specifically, I am of the opinion that the subject statute refers to data, documents, or information not offered into evidence by the agency or the respondent at a hearing, but which are otherwise available to the agency's decision-making body and upon which such body intends to rely in reaching its decision, such as legislative reports, census data, weather reports, actuarial tables, and the like. In other words, I do not believe that the statute refers to items actually offered into evidence by the agency or the respondent, even if those items are also public data, documents, or information. Otherwise, a respondent's offering into evidence a "public" newspaper article will require the decision-making body to give notice before reaching a decision which relies on the article. Such a strained reading of § 9-6.14:11(B) is inappropriate, and I hold that the statute does not apply to the evidence in question here.

## II. *Fraud*

The Board's finding of fraud is based on a 1991-92 Annual Review Report signed by Branch. Branch contends that while some of the information in the report may be factually inaccurate, such inaccuracies do not amount to fraud. I disagree.

The 1991-92 report showed food purchases of $19,695. Only $2,763 in food purchases, however, could be verified. In fact, ABC agents observed

Branch's operation on at least twenty-five occasions, ranging from fifteen minutes to four hours. In only one instance was an entree being prepared, and in most instances no food or only small amounts of food were being prepared.

In addition, Branch reported alcohol purchases of $13,551 for mixed beverages, and $8,711 for wine and beer. Sales were reported at $48,396 for mixed beverages, and $37,875 for wine and beer. An audit using ABC records and wholesale invoices, however, showed these amounts to be grossly incorrect. Specifically, the audit showed actual purchases of $31,018 for mixed beverages, a difference of $17,467, and $23,536 for wine and beer, a difference of $14,825. Audited sales were $136,657 for mixed beverages, a difference of $88,261, and $50,400 for wine and beer, a difference of $12,525. Moreover, Branch filed inconsistent sales reports with the Department of Alcoholic Beverage Control, the Department of Taxation, and the City of Richmond for the same time periods.

Considering all of the above evidence in the light most favorable to the Board, *see, e.g., Johnston-Willis v. Kenley*, 6 Va. App. 231, 263, 369 S.E.2d 1 (1988), this court finds no error in the hearing officer's finding, adopted by the full Board, that Branch violated Va. Code § 4.1-225(1)(b), which provides that a license may be suspended if the licensee:

> Has defrauded or attempted to defraud the Board, or any federal, state or local government or governmental agency or authority by making or filing any report, document or tax return required by statute or regulation which is fraudulent or contains a false representation of a material fact; or has willfully deceived or attempted to deceive the Board, or any federal, state or local government, or governmental agency or authority, by making or maintaining business records required by statute or regulation which are false or fraudulent[.]

The Board's finding in this regard will not be disturbed.

### III. *Food Sales*

At the hearing, the Department introduced a document filed by Branch with the Virginia Department of Taxation to show that Branch was reporting different figures to different agencies for the same time periods. Branch now attempts to seize upon that document to prohibit the Department from disputing the food sales claimed in it. This argument has no merit.

As already noted, the only reason the tax department document was submitted was to show that Branch filed fraudulent documents within the meaning of § 4.1-225(1)(b). It was not offered to show that the figures contained in any of the documents were correct. In fact, just the opposite was intended. No additional meaning to the tax department document will be given to it by the court, and the Board's finding in that regard is affirmed.

### IV. *Concealment of Sales*

Branch next contends that the Board's finding that he concealed sales of mixed beverages is not supported by the evidence. Again, the court disagrees.

It was Branch's contention before the hearing officer, and it is his contention now, that the discrepancy between his reported sales of alcohol for mixed beverages, $48,396, and audited sales, $136,657, was due to his charging less than standard prices to "celebrities" and "VIPs." Based on the full record, however, the hearing officer and the full Board simply refused to believe that such sales accounted for a difference of over $88,000 between what Branch reported and what the audit found, especially when Branch had no records to support his contention. This court also refuses to believe Branch.

### V. *Videotape*

The court now turns to the one assignment of error which, in the court's view, is valid, and which again involves the television videotape previously discussed. At the time the videotape was first offered into evidence by the Department, Mr. Gregory, Branch's counsel, objected on the ground that neither Branch nor Gregory had seen the tape. The tape was not admitted at that time, and no testimony regarding it was received. Later, the subject of the videotape came up again, and Mr. Gregory again objected. After an off-the-record discussion, the following statement was made by the hearing officer:

> [Hearing Officer] . . . Prior to the start of this portion of the hearing there was a discussion with respect to Mr. Gregory's motion to exclude the video which Sergeant Morley has available to be seen. Since neither Mr. Gregory nor the Hearing Officer has had an opportunity to view the video, it was agreed that we would both at some point after the hearing view the video and at that point the Hearing Officer would make a decision as to

whether or not it should be excluded from consideration. If, in fact it is adjudged that it should be included as part of evidence against the establishment, Mr. Gregory would be allowed to present any rebuttal evidence with respect to the events depicted in that video. Is that correct . . . ?

Mr. Gregory: That's correct, Mr. Hearing Officer.

Transcript at 197-98.

Later, however, in his written findings of fact, the hearing officer stated:

The news video, which was viewed post hearing by the Hearing Officer, was objected to by counsel for the licensee without having viewed it. The objection is now overruled since the highlight of the video is relevant.

Transcript at 315 (Finding of Fact No. 18).

This action by the hearing officer is directly contrary to his agreement with Branch's counsel made at the hearing. By overruling Branch's objection to the videotape at the same time as he announced his findings of fact, the hearing officer deprived Branch of any opportunity to present rebuttal evidence, the very thing he promised that Branch would be allowed to do. Such action was improper.

In making this ruling, the court is not unmindful of the general principle that in administrative proceedings, the rules of evidence are relaxed, and findings will not be reversed solely because evidence not in the record was considered. *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 270, 308 S.E.2d 123 (1983); *supra*, 6 Va. App. at 258. Here, however, the hearing officer did not simply admit evidence into the record which would not be admissible in court, as was true in *Bias*, or consider some fact which was never made a part of the record, as happened in *Johnston-Willis*. Instead, the hearing officer deprived a party of the opportunity to present evidence after specifically promising that party that such opportunity would be provided. Such action cannot be overlooked.

Nor is Branch precluded from raising this matter in court after failing to mention it before the full Board. As noted earlier, *Virginia Board of Medicine v. Fetta* holds that a party is not required to renew or restate objections before the full decision-making body in order to have those objections considered by a court on appeal. 244 Va. at 282. Having objected to the introduction of the videotape before the hearing officer, Branch may properly present that objection here.

## VI. *Remand*

The only remaining issue is fashioning a proper remedy for the hearing officer's action. On the one hand, Branch, again citing *Fetta*, argues that he cannot receive fair treatment on remand and that, accordingly, all proceedings against him should be dismissed. On the other hand, the Department argues that the videotape was only a small part of the hearing officer's and Board's decisions, and that the revocations would have occurred even if the videotape had not been considered. Thus, according to the agency, the Board's final orders should stand. The court rejects both arguments.

First, this case is not like *Fetta*. In *Fetta*, the agency's violation of procedure so permeated the hearing and board deliberations as to make it impossible, in the trial court's view, for Dr. Fetta to receive fair treatment on remand. Thus, the proceeding was ordered dismissed. Here, the only error found in the agency's proceedings concerns a videotape. There is nothing about that tape or the hearing officer's or Board's consideration of it which is *per se* so crucial or central to the Board's final decision that the entire process must be thrown out because of the hearing officer's action.

At the same time, the court is not in a position to say what the hearing officer would have recommended or what the Board would have found, if the videotape had not been admitted into evidence, or if Branch had been given the promised opportunity to present evidence to rebut it. Only by remanding the case can these questions be answered.

Accordingly, the final decisions and orders of the ABC Board revoking the licenses of Mr. Branch will be vacated, and the case will be remanded to the Board for such further consideration and proceedings as the Board deems appropriate. The Board is specifically instructed, however, that it may not base its decisions and orders on remand on any evidence related to the subject videotape, unless the case is further remanded to the hearing officer to allow Branch to present evidence in rebuttal to it.

Finally, because it cannot reasonably be said that Branch has prevailed on this appeal, no attorney's fees or costs will be awarded.