# CIRCUIT COURT OF THE CITY OF RICHMOND

Capital Tours and
Transportation, Inc., et al.

v.

Virginia Department
of Motor Vehicles et al.

January 13, 1997

Case No. HH-1220-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal under the Administrative Process Act (APA), Va. Code § 9-6.14:1 *et seq.*, from a decision of the Department of Motor Vehicles (DMV) which granted to Washington Shuttle, Inc., trading as "SuperShuttle," a certificate of public convenience and necessity as an irregular route common carrier to transport passengers within the geographic area in Virginia composed of the cities of Alexandria, Fairfax, Falls Church, and Manassas Park, and the counties of Fairfax, Arlington, Prince William, Loudoun, and Fauquier. Appellants, all of whom were determined by DMV to be proper parties to the proceeding, are Capital Tours and Transportation (Virginia), Inc., Alexandria Yellow Cab, Inc., Alexandria Diamond Cab Co., Inc., Diamond Executive Transportation, and L & Z Transportation, Inc., trading as White Top Cab. Four assignments of error are claimed.

1. The refusal of DMV to require the timely production of relevant, admissible evidence in accordance with the request for production of documents and the motion to compel production filed by appellants was a fundamental error of law which deprived appellants of statutorily conferred rights of access and their right to a fair hearing on the merits;

2. DMV erred by quashing the subpoena issued at appellants' request for the production of documents related to SuperShuttle's operations under a certain contract between SuperShuttle and the Metropolitan Washington Airports Authority ("Airports Authority");

3. DMV erred in refusing to allow appellants a reasonable opportunity to analyze documents produced at the hearing; and

4. DMV's conclusions of law and findings of fact as to the financial fitness of SuperShuttle are not supported by the evidence.

The relevant facts are that on March 18, 1996, SuperShuttle filed an application with DMV for authority to operate as an irregular route common carrier in the cities and counties listed above. A formal evidentiary hearing was scheduled for May 17. On May 10, appellants filed their protest, a motion for a continuance of the hearing, and a motion for a local hearing; that is, to have the hearing held in northern Virginia instead of Richmond. On May 15, the hearing officer ruled that appellants were proper parties to the proceedings, that the hearing would be held locally in Chantilly, and that it would be held on May 30.

On May 23, 1996, appellants filed with DMV a request for subpoena and production of documents. In a letter dated May 24, the hearing officer stated that the requested subpoena would be issued. On May 29, appellants filed a second motion for a continuance and a motion to compel production of documents. On the same day, SuperShuttle filed a motion to quash the subpoena. By letter also dated May 29, the hearing officer denied appellants' motion for a continuance and granted in part and denied in part the motions to compel and to quash. Specifically, the hearing officer said:

> This matter has been pending since April 11, 1996, the date of the *Notice of Application for Certificate of Public Convenience and Necessity*. DMV has already granted a two-week continuance of this formal hearing originally scheduled for May 17, 1996, and rescheduled for May 30, 1996. All parties have had adequate time to prepare for this proceeding. On May 24, 1996, DMV issued a subpoena based on a request from the protestants. Based on the issues raised in the parties' motions and supporting arguments, that subpoena is hereby modified so that the applicant must furnish at the hearing the workpapers and underlying documents supporting the calculation of the pro forma income statements submitted as Exhibit B to its application. The subpoena is hereby modified so that numbers 2 and 3 need not be produced at the hearing for the reasons outlined in the applicant's motion to quash the subpoena. These matters may

be proprietary, and the protestants will have adequate opportunity to cross-examine or challenge any evidence offered by the applicant.

The administrative hearing was conducted on May 30, 1996, over the "continued" objection of the appellants. Appellants also renewed their motion that all of the records sought by them be produced and requested that they be given "adequate" time to evaluate the records that were produced at the hearing. The motion and request were denied, and except for two ten-minute recesses and a seventy-minute lunch break, appellants had no time to review and evaluate the records other than during the course of the hearing itself. On July 18, 1996, the hearing officer issued his decision which recommended granting the certificate of public convenience and necessity to SuperShuttle. Timely exceptions were filed, but on August 26, 1996, DMV issued its final case decision granting the certificate. This appeal followed.

With regard to the assignments of error, the first and third assignments are easily disposed of. As appellants' counsel candidly and correctly conceded at oral argument, the first assignment of error, which relates to DMV's refusal to "require the *timely* production of relevant, admissible evidence" (emphasis added), is really a challenge to DMV's denial of discovery. In this regard, Va. Code § 9-6.14:13 provides, in its entirety:

§ 9-6.14:13. *Subpoenas, depositions and requests for admissions.* — The agency or its designated subordinates shall have power to, and on request of any party to a case shall, issue subpoenas requiring testimony or the production of books, papers, and physical or other evidence. Any person so subpoenaed who objects may, if the agency does not quash or modify the subpoena at his timely request as illegally or improvidently granted, immediately thereupon procure by petition a decision on the validity thereof in the circuit court as provided in § 9-6.14:5; and otherwise in any case of refusal or neglect to comply with an agency subpoena, unless the basic law under which the agency is operating provides some other recourse, enforcement, or penalty, the agency may procure an order of enforcement from such court. Depositions de bene esse and requests for admissions may be directed, issued, and taken on order of the agency for good cause shown; and orders or authorizations therefor may be challenged or enforced in the same manner as subpoenas. *Nothing in this section shall be taken to authorize discovery proceedings.*

Emphasis added.

Contrary to appellants' argument, the above statute does not provide for the production of documents before the hearing. Indeed, the last sentence of the statute specifically and unambiguously says that discovery is not allowed. Documents and other physical evidence can be produced at one of two times: before a hearing or at a hearing. If they are produced before a hearing, it is discovery. If they are produced at a hearing, it is hearing evidence. There is no middle ground as appellants contend. Thus, while the statute allows a party to compel production of evidence at a hearing, it does not allow a party to compel production before a hearing.

Also contrary to appellants' argument, there is no constitutional or other fundamental right to discovery. It is purely a creature of statute or rule of court. Indeed, while the Rules of the Supreme Court of Virginia specifically provide for discovery in circuit courts, discovery is not allowed in general district courts. If, as appellants argue, there is a constitutional or fundamental right to discovery where contract or monetary interests are involved, discovery would be mandated in district courts. It is not, and it is also not mandated under the APA. Appellants' first assignment of error is rejected.

The third assignment of error is also rejected. In this assignment, appellants argue that they were denied a "reasonable opportunity" to analyze the documents that *were* produced. Such an argument, however, is nothing more than another argument for discovery. While there are certainly times when a party or lawyer needs time to read or review evidence offered by another party, and the hearing officer should certainly allow a reasonable time to do so, that is not what appellants sought here. In answer to the court's question at oral argument, counsel for appellants stated that he needed at least seven days to analyze the material produced in response to his subpoena request. To allow that time would have been to grant the discovery which, as was discussed earlier, the statute says is not allowed. The third assignment of error is also rejected.

The second assignment of error is more troubling. In it, appellants argue that the hearing officer erred by not requiring SuperShuttle to produce at the hearing two items: (1) the projections for the last three years of SuperShuttle's five-year contract with the Airports Authority, and (2) SuperShuttle's operational plan. In denying appellants' request for those items, the hearing officer said "[t]hese matters *may* be proprietary, and the [appellants] will have adequate opportunity to cross-examine or challenge any evidence offered by the applicant." Emphasis added. With respect to the second reason given, appellants did *not* have adequate opportunity to cross-examine or challenge the requested documents because those documents were never offered as evidence

by SuperShuttle. With regard to whether the documents *"may"* be proprietary, the court does not believe that such a finding is sufficient.

Va. Code § 9-6.14:13, set out above, does not list the considerations applicable in determining whether an issued subpoena should be quashed. The court, however, sees no reason why the prohibitions against requiring production of proprietary information found elsewhere in court rules and the Code are not compelling guides. For example, and even though not applicable to administrative proceedings, Rule 4:1(c)(7) of the Rules of the Supreme Court of Virginia specifically excludes from discovery in circuit court proceedings, or at least limits the manner of discovery of, "a trade secret or other confidential research, development, or commercial information." Similarly, Va. Code § 11-52(D), which is part of the Virginia Public Procurement Act, provides that "[t]rade secrets or proprietary information submitted by a bidder, offeror or contractor in connection with a procurement transaction shall not be subject to public disclosure under the Virginia Freedom of Information Act." In fact, appellants do not argue that SuperShuttle should have been required to produce proprietary information. Instead, appellants argue that the hearing officer's finding that certain documents *"may"* be proprietary was not enough to quash the subpoena. The court agrees.

In determining whether there exists an exception to requiring production under the Supreme Court's discovery rules, the Virginia Public Procurement Act, or Va. Code § 9-6.14:13, the judge or hearing officer must make a factual and legal finding that an exception does or does not exist. To deny production, it is not enough to say that an exception *may* exist. An exception must *actually* exist. While the determination of whether an exception exists varies from case to case, it can sometimes be made only by an *in camera* review of the requested materials by the judge or hearing officer. An *in camera* review should have been conducted here. That way, the hearing officer could have determined why information related to the last three years of SuperShuttle's contract with the Airports Authority is, as SuperShuttle argued, proprietary, when information related to the first two years, which was submitted by SuperShuttle as evidence at the hearing, is not. Similarly, the hearing officer could have determined why information related to SuperShuttle's operational plan — for example, what SuperShuttle would do if all of its vehicles were in use when new would-be passengers arrived — is proprietary. While the court cannot say based on the record that such information is *not* proprietary, it also cannot say that it *is*. Neither could the hearing officer. The hearing officer's refusal to require its production, then, was contrary to § 9-6.14:13's

requirement that subpoenas for the production of books, papers, and physical or other evidence "*shall*" be issued upon any party's request.

SuperShuttle argues that even if the hearing officer erred by not requiring production of the requested documents, such error was harmless. This is true, says SuperShuttle, because even without the information sought by appellants, there was sufficient evidence before the hearing officer to support his decision. What that argument ignores, however, is that the evidence referred to by SuperShuttle as being before the hearing officer is the evidence submitted by SuperShuttle. By not requiring production of the information sought by appellants, the hearing officer potentially deprived appellants of their opportunity to present evidence contrary to SuperShuttle's, and potentially requiring a different result. Since the court does know what effect the production of the requested information might have had on the agency's decision, or even if the requested information should have been produced, the court cannot say whether the existing agency decision is correct. For the same reason, appellants' fourth assignment of error, which is appellants' claim that DMV's findings of fact and conclusions of law are not supported by the evidence, cannot be addressed now. Until it is determined whether the entire proper record was considered by the agency, it cannot be determined whether the agency's decision, based only on the existing record, is correct.

At this point, it would appear that the court has two options. It could remand the case to DMV with instructions to have a hearing officer conduct the *in camera* review referred to above or, since a determination of whether the subject documents are proprietary appears to be a question of law, it could conduct the *in camera* review itself. The court concludes, however, that the case of *Virginia Bd. of Medicine v. Fetta*, 244 Va. 276, 421 S.E.2d 410 (1992), precludes the second option:

> Code § 9-6.14:19, a part of the Administrative Process Act, controls the action a circuit court may take when it finds a case decision "to be not in accordance with law under § 9-6.14:17." Among the errors of law addressed in the latter statute is failure of the agency to comply "with statutory authority" and failure of the agency to observe "required procedure." § 9-6.14:17(ii) and (iii). When the court finds the case decision to be unlawful on these grounds, it "shall suspend or set it aside and remand the matter to the agency for such further proceedings, if any, as the court may permit or direct in accordance with law." § 9-6.14:19. The plain language of the statute mandates that where, as here, a circuit court has made such a determination of invalidity, the court shall suspend or set the decision aside and remand

the matter to the agency. *The court itself may not undertake the agency action directly.*

244 Va. at 280.

The above language is controlling here. By finding that the hearing officer did not properly consider whether the requested documents were proprietary, thereby running afoul of § 9-6.14:13's requirement to issue a requested subpoena, this court has found that the agency failed to comply "with statutory authority" and failed to observe "required procedure." The court's only recourse, then, is to suspend or set aside the agency's decision, and to remand the case to the agency. In light of the nature of the error found, the agency's decision will only be suspended. It will not at this point be set aside. Upon remand, the agency is directed to resubmit the case to the hearing officer who presided at the original hearing or, if that hearing officer is unavailable, to another properly appointed hearing officer, to determine whether the documents sought by appellants in paragraphs 2(a) and 2(b) of the subpoena issued May 24, 1996, contain proprietary information which warrants all or part of those documents being exempt from the production required by Va. Code § 9-6.14:13. If the hearing officer determines that they do contain proprietary information, he (or she) must state the nature of the information which is proprietary with sufficient specificity as to allow meaningful review by this court on appeal but should not reveal the actual information. If the hearing officer determines that all or part of the documents are not proprietary, he (or she) must reopen the hearing to allow appellants an opportunity to offer as evidence such documents or parts of documents as they believe support their protest. The hearing officer must then render an amended or modified recommended decision stating what effect, if any, such new evidence has on the recommended decision dated July 18, 1996. Further proceedings on the recommended decision shall then be in accordance with the APA.

Finally, in light of the fact that appellants' fourth assignment of error must still be addressed, the limited scope of the remand required by this opinion, and the fact that DMV's case decision is only being suspended and not set aside, the court will not remove this case from its pending docket. Instead, further court proceedings will be stayed until the completion of the remand proceedings. The parties may then return to this court for such further proceedings here as are appropriate.