COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges AtLee, Friedman and Callins
Argued at Richmond, Virginia


SEAN M. MADDOX
                                                        MEMORANDUM OPINION* BY
v.         Record No. 1245-23-2                         JUDGE FRANK K. FRIEDMAN
                                                        JANUARY 21, 2025
VIRGINIA DEPARTMENT OF CRIMINAL
 JUSTICE SERVICES, ET AL.


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Claire G. Cardwell, Judge

              Sean M. Maddox, *pro se*.

              Catherina F. Hutchins, Senior Assistant Attorney General (Jason S.
              Miyares, Attorney General, on brief), for appellees.


       Former law-enforcement officer Sean M. Maddox was terminated from employment with

the City of Chesapeake Police Department (CPD) following an investigation conducted by the CPD

Ethics and Conduct Unit. After his termination the Virginia Department of Criminal Justice

Services Board decertified Maddox. In its decertification notice the Board cited Code

§ 15.2-1707(B)(iii)—which applies when a law-enforcement officer "is terminated or resigns for a

violation of state or federal law"—as the reason for Maddox's decertification, but the Board did not

originally include that he had also been decertified under Code § 15.2-1707(B)(vi)—when a

law-enforcement officer is terminated or resigns for an act committed "while in the performance of

his duties that compromises [his] credibility, integrity, honesty, or other characteristics that

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

constitute exculpatory or impeachment evidence in a criminal case."[1]  Maddox requested that the Board hold a hearing on his decertification because he had not been "terminated for any conduct that is in violation of state or federal law."  The Board subsequently upheld Maddox's decertification under Code § 15.2-1707(B)(vi).  Maddox appealed that decision to the Circuit Court of the City of Richmond.  The circuit court ruled that the Board violated Code § 15.2-1707 "when it rendered a final decision on decertification prior to the time when 'all grievances or appeals have been exhausted.'"  Maddox,[2] *pro se*,[3] appealed that decision, arguing that the circuit court improperly remanded the case to the Board without reinstating his certification as a law-enforcement officer.  We disagree with Maddox's assessment.

BACKGROUND

Maddox served as a law-enforcement officer with CPD from 2008 until 2022.  On April 27, 2021, Maddox engaged in sexual activity while working as a law-enforcement officer for CPD.  During that shift, Maddox was operating an unmarked vehicle and engaged in a traffic stop of a vehicle without reason and without reporting the stop to the CPD dispatch.  While still on duty Maddox followed the driver of the vehicle, a female, to a nearby hotel where they engaged in sexual activity, including sexual intercourse.

---

[1] Code § 15.2-1707 was amended in 2024, and the new version went into effect on July 1, 2024.  These proceedings took place under the prior version of the statute.  The most recent version subdivides (vi) and creates a new additional ground for decertification under (vii).

[2] Maddox recently appealed another circuit court decision.  *See Maddox v. City of Chesapeake, et al.*, No. 0504-24-1.  That case appears to be tangentially related to this one, involving FOIA requests to CPD.

[3] Maddox was represented by counsel in the proceedings below.

The City of Chesapeake subsequently charged Maddox with rape and abduction.[4] Following an internal investigation, CPD terminated Maddox's employment "for having sexual intercourse while on duty." Maddox filed two separate grievances challenging his termination.

On April 25, 2022, CPD notified the Board that Maddox was eligible for decertification under Code § 15.2-1707(B)(vi), which applies when a law-enforcement officer is terminated or resigns for an act committed "while in the performance of his duties that compromises [his] credibility, integrity, honesty, or other characteristics that constitute exculpatory or impeachment evidence in a criminal case." After discussing the matter with a decertification coordinator, CPD amended the basis of its notification to include Code § 15.2-1707(B)(iii), which applies when a law-enforcement officer "is terminated or resigns for a violation of state or federal law."

On May 2, 2022, the Board notified Maddox that it had decertified him as a law-enforcement officer under Code § 15.2-1707(B)(iii) but did not include in the notice that he had also been decertified under Code § 15.2-1707(B)(vi). Maddox requested that the Board hold a hearing on his decertification because he had not been "terminated for any conduct that is in violation of state or federal law." Following the hearing, the Board upheld Maddox's decertification under Code § 15.2-1707(B)(vi). At that time, Maddox's grievance appeals, as well as the criminal charges against him, remained pending.

Maddox appealed his decertification to the Circuit Court of the City of Richmond under the Virginia Administrative Process Act (VAPA). Maddox claimed that the Board violated Code

---

[4] The Commonwealth nolle prossed the criminal charges against Maddox on December 1, 2023.

§ 15.2-1707(H)[5] by upholding his decertification notwithstanding that his grievance appeals, as well as the criminal charges against him, remained pending. Maddox also claimed that the Board

> failed to act in accordance with VA. Code §§ 2.2-4020(B)(ii) and (B)(iii) by arbitrarily and capriciously failing to provide Mr. Maddox with reasonable notice of the basic law under which the agency contemplates its possible exercise of authority and by failing to provide reasonable notice of matters of fact and law asserted or questioned by the Board in its Notice of Decertification.[6]

Maddox requested that the circuit court reinstate his certification and award him his attorney fees and costs under Code § 2.2-4030(A).[7]

---

[5] Prior to its amendment on July 1, 2024, Code § 15.2-1707(H) stated:

> Any conviction of a misdemeanor that has been appealed to a court of record shall not be considered a conviction for purposes of this section unless a final order of conviction is entered. Any finding of misconduct listed in subsection B will not be considered final until all grievances or appeals have been exhausted or waived and the finding of misconduct is made final.

[6] Code § 2.2-4020(B) states:

> Parties to formal proceedings shall be given reasonable notice of the (i) time, place, and nature thereof; (ii) basic law under which the agency contemplates its possible exercise of authority; (iii) matters of fact and law asserted or questioned by the agency; and (iv) contact information consisting of the name, telephone number, and government email address of the person designated by the agency to respond to questions or otherwise assist a named party. Applicants for licenses, rights, benefits, or renewals thereof have the burden of approaching the agency concerned without such prior notice but they shall be similarly informed thereafter in the further course of the proceedings whether pursuant to this section or to § 2.2-4019.

[7] Code § 2.2-4030(A) states:

> In any civil case brought under Article 5 (§ 2.2-4025 et seq.) or § 2.2-4002, 2.2-4006, 2.2-4011, or 2.2-4018, in which any person contests any agency action, such person shall be entitled to recover from that agency, including the Department of Wildlife Resources, reasonable costs and attorney fees if such person substantially prevails on the merits of the case and (i) the agency's position is

Following a hearing, the circuit court found that the Board violated Code § 15.2-1707(H) "when it rendered a final decision on decertification prior to the time when 'all grievances or appeals have been exhausted.'" As a result, the circuit court remanded the case to the Board and instructed the Board "to comply with the statutory mandate outlined in Va. Code § 15.2-1707(H)." The court declined to address Maddox's remaining assignments of error, noting in a footnote that the court was "appl[ying] the appellate 'obligation to decide cases on the best and narrowest grounds available.'" (Quoting *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022)). The circuit court denied Maddox's request for attorney fees because the Board did not decertify him "for an improper purpose" under Code § 2.2-4030(A). Maddox now appeals.[8]

## ANALYSIS

A. *The circuit court correctly remanded the case to the Board for further proceedings.*

On appeal, Maddox asserts that the circuit court correctly ruled that the Board violated Code § 15.2-1707(H) but erred by remanding the case without addressing his other assignments of error. He further argues that if the circuit court correctly limited its disposition of his appeal based solely on the Board's violation of Code § 15.2-1707(H), then the circuit court should have remanded the matter "with instructions" to reinstate his certification. The Board argues that the circuit court correctly remanded the case without reinstating Maddox's certification.

Agency decisions are subject to judicial review in accordance with the VAPA. Code § 2.2-4026. "[T]he circuit court's role in an appeal from an agency decision is equivalent to an

not substantially justified, (ii) the agency action was in violation of law, or (iii) the agency action was for an improper purpose, unless special circumstances would make an award unjust. The award of attorney fees shall not exceed $25,000.

[8] Circuit court rulings may be appealed to this Court, pursuant to Code § 17.1-405, which grants any aggrieved party the ability to appeal "[a]ny final decision of a circuit court on appeal from . . . a grievance hearing decision issued pursuant to § 2.2-3005." Code § 17.1-405(A)(1).

- 5 -

appellate court's role in an appeal from a trial court." *New Age Care, LLC v. Juran*, 71 Va. App. 407, 420 (2020) (alteration in original) (quoting *Comm'r, Va. Dep't of Soc. Servs. v. Fulton*, 55 Va. App. 69, 80 (2009)).  Appellate review of an agency's decision "is limited to issues of law." *Id.*  Those issues include:

> (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.

Code § 2.2-4027; *see also Va. Bd. of Med. v. Hagmann*, 67 Va. App. 488, 499 (2017).  "[T]he 'issues of law' specified in the statute 'fall into two categories: first, whether the agency acted within the scope of [its] authority, and second, whether the decision itself was supported by the evidence.'"  *Env't Def. Fund, Inc. v. Va. State Water Control Bd.*, 15 Va. App. 271, 277 (1992) (second alteration in original) (quoting *Johnston-Willis Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988)).

"Under the VAPA, the burden is upon the party complaining of the agency action to demonstrate an error of law."  *Chesapeake Hosp. Auth. v. State Health Comm'r*, 301 Va. 82, 92 (2022) (citing *Aegis Waste Sols., Inc. v. Concerned Taxpayers of Brunswick Cnty.*, 261 Va. 395, 403 (2001)); *see also* Code § 2.2-4027.  Agency decisions are "presumed valid on review, and the burden rests 'upon the party complaining' to overcome this presumption."  *Env't Def. Fund, Inc.*, 15 Va. App. at 277.

Here, following a hearing, the circuit court found that the Board had in fact violated Code § 15.2-1707(H) "when it rendered a final decision on decertification prior to the time when 'all grievances or appeals have been exhausted.'" Code § 15.2-1707(H)[9] reads:

> Any conviction of a misdemeanor that has been appealed to a court of record shall not be considered a conviction for purposes of this section unless a final order of conviction is entered. Any finding of misconduct listed in subsection B will not be considered final until all grievances or appeals have been exhausted or waived and the finding of misconduct is made final.

At the time of Maddox's appeal to the circuit court, his criminal case had not been nolle prossed. The circuit court's order remanding the case to the Board was entered on June 22, 2023, and the Commonwealth nolle prossed the criminal charges against Maddox on December 1, 2023. Thus, the Board had failed to comply with Code § 15.2-1707(H) when it rendered a final decision before all Maddox's other proceedings had concluded. And the circuit court did not err in making this finding.

B. *The proper remedy was remanding the case back to the Board.*

After finding the Board had violated Code § 15.2-1707(H), the circuit court remanded the case to the Board and instructed the Board "to comply with the statutory mandate outlined in Va. Code § 15.2-1707(H)." On appeal, Maddox argues that remanding the case back to the Board without further instructions was improper because "it fails to cure the defects caused by the Board's willful failure to comply with the law and its Bylaws." Maddox does not, however, point to any legal authority which allows him a different remedy.

The circuit court's ruling was perfectly in line with the code. "The plain language of [the VAPA] mandates that where . . . a circuit court has made such a determination of invalidity, the court shall suspend or set the decision aside and remand the matter to the agency." *Va. Bd. of*

---

[9] Note that this statute was in effect until July 1, 2024, at which time a modified version of this section took effect. The new version of the statute removed subsection H altogether.

*Medicine v. Fetta*, 244 Va. 276, 280 (1992). "The court itself may not undertake the agency action directly." *Id.* Indeed, the VAPA reads that "[u]nless an error of law as defined in § 2.2-4027 appears, the court shall dismiss the review action or affirm the agency regulation or decision." Code § 2.2-4029. And "[w]here a regulation or case decision is found by the court not to be in accordance with law under § 2.2-4027, the court shall suspend or set it aside and remand the matter to the agency for further proceedings, if any, as the court may permit or direct in accordance with law." *Id.*; *see also Harrison v. Ocean View Fishing Pier, LLC*, 50 Va. App. 556, 575-76 (2007) (remanding a case where the agency's decision was not in accordance with the law under Code § 2.2-4027 because the agency failed to make findings of fact that supported its decision in accordance with the required procedure and holding that "[w]here a case decision is found 'not to be in accordance with law under § 2.2-4027, the court shall suspend or set it aside and remand the matter to the agency for further proceedings, if any, as the court may permit or direct in accordance with law'" (quoting Code § 2.2-4029)); *see, e.g.*, *Va. Ret. Sys. v. Cirillo*, 54 Va. App. 193, 204-05 (2009) (holding that although the agency violated Code § 2.2-4019(A)(v) by failing to provide in writing the factual or procedural basis for its adverse decision, the circuit court erred in supplying relief; remedy was a remand pursuant to Code § 2.2-4027 for compliance with Code § 2.2-4019(A)(v)). Thus, remanding the case back to the Board was a proper remedy in this case and the circuit court did not err in doing so.

C. *The circuit court properly exercised restraint in not addressing Maddox's other assignments of error.*

Maddox asserts that the circuit court erred by not addressing his other assignments of error and instead applying "the appellate 'obligation to decide cases on the best and narrowest grounds available.'" (Quoting *Esposito*, 74 Va. App. at 134). The circuit court was again correct in its decision. In making its determination that the case needed to be remanded to the Board, the circuit court was deciding the case on the narrowest grounds, in accordance with the

- 8 -

law. It was wholly unnecessary for the court to rule on the other assignments of error, all of which involved issues that would be decided on remand by the Board. If Maddox is aggrieved by the result of the Board's decision on remand, he can appeal the decision. Otherwise, remanding the case was the best and most appropriate remedy at this juncture.

D. *The circuit court did not err in denying Maddox's request for attorney fees.*

The circuit court denied Maddox's request for attorney fees because the Board did not decertify him "for an improper purpose" under Code § 2.2-4030(A). Maddox argues that he substantially prevailed on the merits of the case; the Board argues that Maddox did not substantially prevail. Here, the circuit court did not decide all the issues in Maddox's favor; indeed, Maddox is appealing the court's refusal to instruct the Board to re-certify him.

Maddox asserts he "is entitled to attorney's fees under Code § 2.2-4030" because "the requirements of the statute's multi-part test have been satisfied." Code § 2.2-4030(A) requires that a litigant be awarded attorney fees in any civil case where the litigant "substantially prevails on the merits of the case and (i) the agency's position is not substantially justified, (ii) the agency action was in violation of law, or (iii) the agency action was for an improper purpose, unless special circumstances would make an award unjust."

Here, Maddox raised a number of issues that were not reviewable in the circuit court and failed to obtain the central relief he sought. While he did obtain partial review, we cannot say, given the circumstances and Maddox's clear discontent with the ruling, that Maddox substantially prevailed or that the circuit court was clearly wrong in its decision not to award Maddox attorney fees in this case. *See Branch v. Va. Dep't of Alcoholic Beverage Control*, 21 Va. App. 242, 254 (1995) (noting that where all the issues were not decided in the party's favor, the party had not substantially prevailed). Accordingly, we uphold that ruling.

## CONCLUSION

For all these reasons, we affirm the circuit court's judgment.

*Affirmed.*