COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


VIRGINIA RETIREMENT SYSTEM, ET AL.
                                          OPINION BY
v.    Record No.  0902-96-2     JUDGE ROSEMARIE ANNUNZIATA
                                          JANUARY 7, 1997
ANTHONY M. RIZZO, JR.


            FROM THE CIRCUIT COURT OF ORANGE COUNTY
                 Lloyd C. Sullenberger, Judge

          Michael K. Jackson, Senior Assistant Attorney
          General & Chief (James S. Gilmore, III,
          Attorney General; John Paul Woodley, Jr.,
          Deputy Attorney General; John M. McCarthy,
          Senior Assistant Attorney General, on
          briefs), for appellants.

          C. Waverly Parker for appellee


     Appellant, Virginia Retirement System (VRS), denied the

application for disability retirement benefits of appellee,

Anthony M. Rizzo, Jr.  On appeal, the Circuit Court of Orange

County (circuit court) set aside the denial and remanded the

matter for further proceedings.  The circuit court's order was

the subject of an appeal to this Court, which, in material

respects, affirmed the circuit court's remand.  VRS again denied

benefits; Rizzo again appealed to the circuit court, which

granted Rizzo's motion for summary judgment and remanded the

matter to VRS to calculate and implement the disability benefits.

 VRS appeals the order granting summary judgment.  For the

reasons that follow, we reverse.

I.

Rizzo applied to VRS for disability benefits pursuant to Code § 51.1-156.[1] VRS denied Rizzo's application. Following appeal to the circuit court and subsequent appeal to this Court, the matter was remanded for further proceedings. On remand, the parties attempted to resolve the matter through "informal" adjudication, conducted pursuant to Code § 9-6.14:11.[2] Cf. Code

[1]Code § 51.1-156 provides in pertinent part:

A. Any member in service or within ninety days after termination of service who has not withdrawn his accumulated contributions as provided for in § 51.1-128 may retire for disability not compensable under the Virginia Workers' Compensation Act (§ 65.2-100 et seq.) upon written notification to the Board setting forth the date the retirement is to become effective.

* * * * * * *

E. After a medical examination of the member or after reviewing pertinent medical records, the Medical Board shall certify that (i) the member is and has been continuously since the effective date of retirement if prior to filing of the notification, mentally or physically incapacitated for the further performance of duty, (ii) the incapacity is likely to be permanent, and (iii) the member should be retired. A member shall not be retired for disability for any condition which existed at the time of becoming a member unless medical evidence, convincing to the Board, supports the fact that the pre-existing condition has worsened substantially.

[2]Code § 9-6.14:11 provides, in pertinent part:

A. Agencies shall ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings unless

- 2 -

(..continued)

the named party and the agency consent to waive such a conference or proceeding to go directly to a formal hearing. Such conference-consultation procedures include rights of parties to the case (i) to have reasonable notice thereof, (ii) to appear in person or by counsel or other qualified representative before the agency or its subordinates, or before a hearing officer as provided by subsection A of § 9-6.14:14.1, for the informal presentation of factual data, argument, or proof in connection with any case, (iii) to have notice of any contrary fact basis or information in the possession of the agency which can be relied upon in making an adverse decision, (iv) to receive a prompt decision of any application for a license, benefit, or renewal thereof, and (v) to be informed, briefly and generally in writing, of the factual or procedural basis for an adverse decision in any case.

\* \* \* \* \* \* \*

D. In any informal fact-finding proceeding in which a hearing officer, as described in § 9-6.14:14.1, is not used or is not empowered to recommend a finding, the board, commission, or agency personnel responsible for rendering a decision shall render that decision within ninety days from the date of the informal fact-finding proceeding or from a later date agreed to by the named party and the agency. If the agency does not render a decision within ninety days, the named party to the case decision may provide written notice to the agency that a decision is due. If no decision is made within thirty days from agency receipt of the notice, the decision is deemed to be in favor of the named party. The preceding sentence shall not apply to case decisions before (i) the State Water Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Water Act or (ii) the State Air Pollution Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Air Act. An agency shall provide notification to the

(..continued)
named party of its decision within five days of the decision.

E.  In any informal fact-finding proceeding in which a hearing officer, as described in § 9-6.14:14.1, is empowered to recommend a finding, the board, commission, or agency personnel responsible for rendering a decision shall render that decision within thirty days from the date that the agency receives the hearing officer's recommendation.  If the agency does not render a decision within thirty days, the named party to the case decision may provide written notice to the agency that a decision is due.  If no decision is made within thirty days from agency receipt of the notice, the decision is deemed to be in favor of the named party.  The preceding sentence shall not apply to case decisions before (i) the State Water Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Water Act or (ii) the State Air Pollution Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Air Act.  An agency shall provide notification to the named party of its decision within five days of the decision.

F.  The provisions of subsection D notwithstanding, if the board members or agency personnel who conducted the informal proceeding are unable to attend to official duties due to sickness, disability, or termination of their official capacity with the agency, then the timeframe provisions of subsection D shall be reset and commence from the date that either new board members or agency personnel are assigned to the matter or a new proceeding is conducted if needed, whichever is later.  An agency shall provide notification within five days to the named party of any incapacity of the board members or agency personnel that necessitates a replacement or a new proceeding.

§ 9-6.14:12 (governing "formal" adjudication).[3]

[3]Code § 9-6.14:12 provides, in pertinent part:

> A.  The agency shall afford opportunity for the formal taking of evidence upon relevant fact issues in any case in which the basic laws provide expressly for decisions upon or after hearing and may do so in any case to the extent that informal procedures under § 9-6.14:11 have not been had or have failed to dispose of a case by consent.

> *  *  *  *  *  *  *

> C.  Where a hearing officer presides, or where a subordinate designated for that purpose presides in hearings specified in subsection F of § 9-6.14:14.1, he shall recommend findings and a decision unless the agency shall by its procedural regulations provide for the making of findings and an initial decision by such presiding officers subject to review and reconsideration by the agency on appeal to it as of right or on its own motion.  The agency shall give deference to findings by the presiding officer explicitly based on the demeanor of witnesses.

> D.  Prior to the recommendations or decisions of subordinates, the parties concerned shall be given opportunity, on request, to submit in writing for the record (i) proposed findings and conclusions and (ii) statements of reasons therefor.  In all cases, on request, opportunity shall be afforded for oral argument (i) to hearing officers or subordinate presiding officers, as the case may be, in all cases in which they make such recommendations or decisions or (ii) to the agency in cases in which it makes the original decision without such prior recommendation and otherwise as it may permit in its discretion or provide by general rule. Where hearing officers or subordinate presiding officers, as the case may be, make recommendations or decisions, the agency shall receive and act on exceptions thereto.

(..continued)

E.  All decisions or recommended decisions shall be served upon the parties, become a part of the record, and briefly state or recommend the findings, conclusions, reasons, or basis therefor upon the evidence presented by the record and relevant to the basic law under which the agency is operating together with the appropriate order, license, grant of benefits, sanction, relief, or denial thereof.

                *   *   *   *   *   *   *

G.  In any formal proceeding in which a hearing officer, as described in § 9-6.14:14.1, is not used or is not empowered by the agency to recommend a finding, the board, commission, or agency personnel responsible for rendering a decision shall render that decision within ninety days from the date of the formal proceeding or from a later date agreed to by the named party and the agency.  If the agency does not render a decision within ninety days, the named party to the case decision may provide written notice to the agency that a decision is due.  If no decision is made within thirty days from agency receipt of the notice, then the decision is deemed to be in favor of the named party.  The preceding sentence shall not apply to case decisions before (i) the State Water Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Water Act or (ii) the State Air Pollution Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Air Act.  An agency shall provide notification to the named party of its decision within five days of the decision.

H.  In any formal proceeding in which a hearing officer, as described in § 9-6.14:14.1, is empowered to recommend a finding, the board, commission, or agency personnel responsible for rendering a decision shall render that decision within thirty days from the date that the agency

A VRS representative conducted a hearing on April 25, 1995. At that hearing, Rizzo incorporated all of his evidence adduced at the previous administrative hearing and introduced further medical evidence of his psychiatrist, Dr. Robert S. Brown, Jr., to establish his disability. The following day, the agency representative notified VRS that he would forward the transcript

(..continued)

receives the hearing officer's recommendation. If the agency does not render a decision within thirty days, the named party to the case decision may provide written notice to the agency that a decision is due. If no decision is made within thirty days from agency receipt of the notice, the decision is deemed to be in favor of the named party. The preceding sentence shall not apply to case decisions before (i) the State Water Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Water Act or (ii) the State Air Pollution Control Board or the Department of Environmental Quality to the extent necessary to comply with the federal Clean Air Act. An agency shall provide notification to the named party of its decision within five days of the decision.

I. The provisions of subsection G notwithstanding, if the board members or agency personnel who conducted the formal proceeding are unable to attend to official duties due to sickness, disability, or termination of their official capacity with the agency, then the timeframe provisions of subsection G shall be reset and commence from the date that either new board members or agency personnel are assigned to the matter or a new proceeding is conducted if needed, whichever is later. An agency shall provide notification within five days to the named party of any incapacity of the board members or agency personnel that necessitates a replacement or a new proceeding.

of Dr. Brown's testimony as soon as he received it.  VRS received the transcript on May 26 with a request from the agency representative that VRS forward the transcript to its Medical Board.  On June 19, VRS forwarded the transcript of Dr. Brown's testimony to the Medical Board and requested that the Board comment on all the medical evidence.  On July 11, VRS received correspondence from the Medical Board, requesting permission to forward the evidence for review by Dr. Merritt Foster.  On July 26, VRS consented, requesting the Medical Board to forward the evidence to Dr. Foster.  The Medical Board forwarded the evidence to Dr. Foster on August 9.

On August 21, 118 days after the hearing, VRS acknowledged receipt of correspondence from Rizzo, notifying VRS that a decision was due.  In response, VRS stated that it would ask the Medical Board to advise Doctor Foster to "move forward."  On September 29, thirty-nine days after it received Rizzo's first notice, VRS received a second notice from Rizzo that a decision was due.

On September 27, the Medical Board forwarded a report from Dr. Foster to VRS, noting that the Board adopted Dr. Foster's report.  VRS forwarded the report to the agency representative on October 4.

On October 6, Rizzo wrote the agency representative and VRS to inform them that, because more than thirty days had elapsed since he first notified VRS that a decision was due, a decision

had been "deemed" in his favor pursuant to Code § 9-6.11:14(D). VRS responded on October 22, arguing that Rizzo misinterpreted the statute and that the "proceeding" envisioned in that section was not concluded until VRS received the Medical Board's report.

On November 6, the agency representative recommended that Rizzo be granted benefits. Later that day, however, the VRS issued a decision denying benefits. Rizzo appealed the substance of VRS's decision to the circuit court and also filed a motion for summary judgment, contending that, pursuant to Code § 9-6.14:11(D), a decision had been "deemed" in his favor because VRS had failed to resolve the matter within the prescribed time limits.

The court granted Rizzo's motion for summary judgment, concluding that

> the General Assembly, by using the phrase "from the date of the informal fact-finding proceeding" in the statute intended that the 90 day period begin to run in a case such as the case at bar when the agency representative holds the fact-finding hearing. Otherwise, the agency representative and the agency's medical board would wholly control the time of decision and the limitation in the statute would be practically meaningless.

II.

On appeal, we must determine the point in the adjudication process from which the time limitations of Code § 9-6.14:11(D) begin to run. We find that the legislature intended those time limitations to begin running at the close of the fact-gathering

- 9 -

stage of the adjudication process.

VRS is established and governed by Chapter 1 of Title 51.1 of the Virginia Code. VRS is an administrative agency subject to Virginia's Administrative Process Act (VAPA), codified in Chapter 1.1:1 of Title 9. VAPA's purpose is "to supplement . . . basic laws conferring authority on agencies . . . [to] decide cases . . . . [VAPA] does not supersede or repeal additional procedural requirements in such basic laws." Code § 9-6.14:3. In that light, Article 3 of VAPA governs "case decisions."

As with any adjudication, the "case decision" process imposes two general requirements on the agency personnel responsible for determining a case. The personnel must first oversee the process by which relevant information is gathered. The responsible person or persons must then formulate and render a determination based on that information.

Article 3 provides two mechanisms by which an agency gathers the factual information necessary to decide a case. In one instance, agencies "ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings." Code § 9-6.14:11(A). The statute refers to this type of fact-gathering as an "informal fact-finding proceeding," see Code § 9-6.14:11(D),(E), which leads to the rendering of an "informal fact-finding decision." See Code § 9-6.14:11(C). In the other instance, the "formal proceeding," agencies "afford opportunity for the formal taking of evidence upon relevant fact

- 10 -

issues."  Code § 9-6.14:12(A),(G),(H).

Once the agency has completed its fact-gathering responsibility, it then renders a decision. The mechanics of the latter responsibility depend, in part, on whether a hearing officer, as defined in Article 3.1, presides over the "case decision proceeding." See Code §§ 9-6.14:11(D),(E), 9-6.14:12(G),(H), 9-6.14:14.1.[4] Where a hearing officer presides over a case decision proceeding, whether informal or formal, the hearing officer typically recommends findings and a decision to the agency. Code §§ 9-6.14:11(E), 9-6.14:12(C),(D),(E),(H). In such cases, after receipt of the recommendation, the agency must render a decision. Where no hearing officer presides over a case decision proceeding, the

---

[4]Code § 9-6.14:14.1 sets forth qualification requirements for hearing officers and provides, in pertinent part:

> D. Any hearing officer empowered by the agency to provide a recommendation or conclusion in a case decision matter shall render that recommendation or conclusion within ninety days from the date of the case decision proceeding or from a later date agreed to by the named party and the agency. If the hearing officer does not render a decision within ninety days, then the named party to the case decision may provide written notice to the hearing officer and the Executive Secretary of the Supreme Court that a decision is due. If no decision is made within thirty days from receipt by the hearing officer of the notice, then the Executive Secretary of the Supreme Court shall remove the hearing officer from the hearing officer list and report the hearing officer to the Virginia State Bar for possible disciplinary action, unless good cause is shown for the delay.

intermediate, recommendation stage is eliminated, and decision-making responsibility falls directly to the "board, commission, or agency personnel responsible for rendering a decision."  Code §§ 9-6.14:11(D), 9-6.14:12(G).

We find a distinction between the agency's responsibility for fact-gathering, whether accomplished informally or formally, and its responsibility for rendering a decision based on the facts it gathers.  In short, the fact-gathering stage, whether it is conducted informally or formally, provides the basis for which the case will be decided.[5]

VAPA prescribes the time by which an agency must render a decision.  Where the case involves no hearing officer, the agency must render a decision within ninety days from the date of the case decision proceeding, whether it be an informal conference or consultation proceeding or a formal evidentiary proceeding.  Code §§ 9-6.14:11(D), 9-6.14:12(G).  The statute provides an exception where the agency representative responsible for rendering a decision becomes incapacitated.  In such cases, the time limit is reset and commences from the date that new agency personnel are assigned or a new proceeding is conducted.  Code §§ 9-6.14:11(F), 9-6.14:12(I).  Where, by contrast, a hearing officer presides

---

[5]This stage in the process is akin to the making of the record in a court of law or equity.  Indeed, judicial review of agency decision-making is based solely upon the agency record, or, where an informal agency proceeding does not require or make such a record, judicial review is based on the agency file, minutes, and records of its proceedings, which may be augmented if necessary.  See Code §§ 9-6.14:16, 9-6.14:17.

- 13 -

over the fact-gathering, the hearing officer must make a recommendation within ninety days of the date of the case decision proceeding, unless good cause is shown for the delay. Code § 9-6.14:14.1(D). From that point, the agency has thirty days, without exception, to render a decision. Code §§ 9-6.14:11(E), 9-6.14:12(H). We find these time limitations to govern the agency's decision-rendering responsibility. They do not address the fact-gathering role of the agency but, instead, begin to run <u>from</u> the date the fact-finding proceeding is completed.

Article 3, providing general rules for agency adjudications, does not, and could not, address the scope of the fact-gathering proceeding in each case. Rather, such a determination will depend on the nature of the case, the case record, and the basic law governing the agency. While a one-day hearing, whether informal or formal, may be all that is needed to gather the relevant factual information, a case may require further steps. Indeed, the Revisers' Note to Code § 9-6.14:11 states that in addition to conferences or consultations, "[t]o the extent that basic laws permit, agencies may also proceed on the basis of inspections, tests, or elections, followed by such conference-consultation procedure as the case issues may require." Thus, contrary to the finding of the trial court, we find that the legislature clearly intended that the fact-finding process could encompass more than a hearing.

In the present case, VRS was not authorized to render a decision until it had received the report of the Medical Board pursuant to Code § 51.1-156, upon which Rizzo based his application.  This step in the process was of a fact-gathering nature as the report would contain relevant information upon which VRS would render its decision.  Accordingly, we find that the time requirements of Code § 9-6.14:11(D) did not begin to run until VRS received the Medical Board's report.  Applying those requirements to this case, it is clear the trial court erred in granting Rizzo's motion for summary judgment.

Accordingly, the decision is reversed and remanded for further proceedings.[6]

<u>Reversed and remanded.</u>

---

[6]Contrary to Rizzo's contention, our decision does not entitle VRS to circumvent an applicant's right "to receive a prompt decision," <u>see</u> Code § 9-6.14:11(A)(iv), by unduly extending the fact-gathering stage of the case decision process, nor does it abrogate alternative remedies available to an applicant to compel timely agency action.