# CIRCUIT COURT OF THE CITY OF RICHMOND

Patrick G. Foster

v.

Commonwealth of Virginia,
Real Estate Board

July 27, 1998

Case No. HJ-550-3

BY JUDGE T. J. MARKOW

This case is before the court on a Petition for Appeal of a Final Order issued by the Commonwealth of Virginia Real Estate Board (the "Board" or appellee) in Case No. 98-221-96-01932. The appellant is Patrick G. Foster, a real estate agent licensed to conduct business in the Commonwealth. The Board found that Foster violated § 6.10.2 of its 1992 Regulations by failing to timely disclose the existence of old termite damage to prospective home purchasers.

Foster was the seller's agent in the sale of a residence located at 1811 Floyd Avenue in the City of Richmond. The May 13, 1994, sales contract specified:

> Seller agrees to furnish Purchaser a termite inspection report from a recognized termite control company by the date of settlement. If active *infestation or damage* caused by termites or other wood destroying insects is found in the house structure, Seller agrees to have the house treated and repaired and bonded for one year. Such inspection, treatment, and repair shall be at the expense of Seller.

Foster contracted with Hickman's Termite & Pest Control Co., Inc., to perform the inspection and provide a report to the buyers, George and

Christine Shriver. The inspection was performed on May 23, 1994. The accompanying report states "[v]isible evidence of previously treated *infestation*, which is now inactive, was observed" (emphasis added). No mention of "damage" was made in writing. The sale proceeded to closing. When the Shriver's attempted to resell their home in 1996, Hickman's re-inspected the home for infestation or damage and conceded that its *1994* inspection had actually revealed visible evidence of old damage to joists in the basement and that Hickman's April 17, 1994, closing letter did not include this "damage" information because Foster told him that the Shrivers already knew of the damage. The Shrivers filed a complaint with the Board, which resulted in the sanction appealed here.

The appellant contends that the Board violated his rights under the 6th and 14th amendments to the U.S. Constitution, as well as Art. I, § 8, of the Virginia Constitution in denying him the right to confront his accusers at the informal fact-finding conference. Foster also argues that the Board violated § 9-6.14:11(B) of the Virginia Administrative Process Act in failing to timely notify him that the Board intended to consider certain documents in its possession. Finally, the appellant argues that there was insubstantial evidence to support the Board's findings of fact.

Review of agency action is governed by Va. Code § 9-6.14:17. As the appellant contends, errors of law subject to review by the court include violations of constitutional rights, compliance with statutory authority, and substantiality of the evidence underlying the findings of fact. *Id.*

It is well recognized that the 6th Amendment, applicable to the states via the 14th Amendment, pertains only to *criminal* proceedings. *See Maryland v. Craig*, 497 U.S. 836, 844 (1990). The January 22, 1998, proceeding was an administrative, informal fact-finding conference conducted pursuant to the Virginia Administrative Process Act, not a criminal prosecution. The federal constitutional protections cited by appellant do not control this matter. Similarly, section 8 of the Virginia Constitution is limited to criminal proceedings. The due process protections afforded to administrative proceedings conducted in the Commonwealth are set forth in Va. Code § 9-6.14:11. The confrontation right asserted by the appellant does not appear in this provision. Therefore, Foster's first argument must fail.

The appellant next contends that he was not notified *in advance* pursuant to § 9-6.14:11(B) of the Board's intent to consider certain documents in reaching its decision. Foster received a "Notice of Informal Fact Finding Conference" by certified mail at his address of record in late December 1993. The letter explicitly states "[e]nclosed is information which shows what the Board has regarding this matter." These documents included (1) the complaint

form (alleging misrepresentation of the termite damage by Foster), (2) the termite inspector's internal computer report (which states "old [damage] to joists in basement ... buyer aware of [damage] per: Patrick Foster"), and (3) a wood destroying insect information sheet (which states that "property [was] previously treated for termites by another company").

While Foster was informed that these incriminating documents existed, the question is whether he was "on notice" of the Board's intent to use these documents as the basis for its decision. The court notes that the appellant made no procedural objection to the submission of these documents at the informal fact-finding conference. Judge Randall G. Johnson of this Court has cogently evaluated the APA notice requirements:

> I am of the opinion that the subject statute refers to data, documents, or information not offered into evidence by the agency or the respondent at a hearing, but which are otherwise available to the agency's decision-making body and upon which such body intends to rely in reaching its decision, such as legislative reports, census data, weather reports, actuarial tables, and the like. In other words, *I do not believe that the [notice] statute refers to items actually offered into evidence by the agency or the respondent, even if those items are also public data, documents, or information.*

*Branch v. Dep't of A.B.C.*, 34 Va. Cir. 213 (1994) (emphasis added) (A.B.C. properly considered Richmond Police computer log and television station news videotape in reaching its decision without "intent" declaration). In the case at bar, the Board reached its decision after relying on material actually disclosed to the appellant via mail and at the initial proceeding. This is sufficient notice, without the necessity of uttering the literal word "intent."

In considering whether there was substantial evidence to support the Board's findings of fact, "[t]he reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988) (citation omitted). This begs the question of what constitutes the "record" in an informal, fact-finding conference. "[T]he fact-gathering stage, whether it is conducted formally or informally, provides the basis for which the case will be decided." *Virginia Retirement System v. Rizzo*, 23 Va. App. 698, 706 (1997). "[W]here an informal agency proceeding does not require or make [a formal 'agency record,'] then judicial review of the decision-making is based on the agency file, records, minutes and records of its proceedings, which may be augmented if necessary." *Id.* at 706, n. 5. Here,

there was substantial evidence in the agency file to support the Board's finding that Foster violated his disclosure obligation. Prior to the hearing, Foster never objected to the record as submitted to this court for review. Evidence of his misrepresentation was provided by the testimony of Foster and the termite inspector, as well as the documents discussed above. Considering the record, as instructed by *Rizzo,* the court cannot find that a reasonable mind would necessarily come to a different conclusion.

It is therefore ordered that the decision of the Board is affirmed; the Petition is denied, and this appeal is dismissed.